2008 ME 58

**Norman C. GILE et al.**

v.

**Kenneth ALBERT.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 24, 2008.

Decided: March 20, 2008.

Norman C. Gile, Portsmouth, NH, pro se.

Patrick S. Bedard, Esq., Bedard & Bobrow, P.C., Eliot, ME, for Kenneth Albert.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SILVER, J.

[¶ 1] Norman and Anne Gile appeal from orders entered in the Superior Court (York County, *Brennan, J.*) granting Kenneth Albert's motion for summary judgment and denying the Giles' motions for relief from judgment and to amend. The Giles contend that the court erred in granting Albert's motion for summary judgment and denying their motions to amend and for relief from the judgment. We affirm the court's judgment.

## I.  BACKGROUND

[¶ 2] On or about March 18, 1998, Norman and Anne Gile contracted with Albert Construction to build an addition at their Eliot residence. Building commenced in early May 1998. Shortly thereafter, the Giles experienced difficulty in financing the project so Albert stopped work until satisfied that payment schedules would be met.

[¶ 3] The Giles discussed the situation with Albert and he promised to finish the job. The Giles were under the impression that construction would resume in the late summer of 1998. In August 1998, Albert told them that he would do no further work at the Gile site. The Giles hired an attorney.

[¶ 4] On May 21, 1999, the attorney retained by the Giles sent a letter to Albert alleging breach of contract and stating that the Giles had not received a proper accounting. The attorney stated that no legal action would be pursued if Albert provided the requested accounting, but that failure to comply would result in a lawsuit. In a letter dated November 23, 1999, and received by the Giles three days later, Albert made his first and only attempt to provide an accounting to the Giles. The Giles allege that the accounting is incomplete and fraudulent.

[¶ 5] The Giles filed a complaint on November 23, 2005, alleging breach of contract and unfair trade practices. In re-

sponse, Albert filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to M.R. Civ. P. 12(b)(6). On July 7, 2006, the court granted Albert's motion for summary judgment on the grounds that the Giles' claim was barred by the statute of limitations of six years for breach of contract.[1] The court found that the May 21, 1999, letter demonstrated unequivocally that the Giles were aware of the alleged breach of contract and their right to pursue the dispute in a court of law at that date. In particular, the Superior Court found that the plain language of the letter, which was, "you have failed to perform your contractual obligation for which they are entitled to seek damages amounting to the differences between what you contracted to do and what it will cost to have the work completed," established that as of May 21, 1999, the Giles were aware of their right to seek "judicial vindication," and their cause of action therefore accrued at that time if not before.

[¶ 6] At the time the court ruled on the motion for summary judgment, the Giles' motion to amend alleging fraudulent concealment was pending. The Giles' motion for relief was filed to permit the court to consider the motion to amend. In their Rule 60 motion, the Giles alleged that their motion to amend had been missing from the file and so the judge did not have the opportunity to review their amended pleadings prior to ruling on the motion for summary judgment. On May 29, 2007, the court denied both motions finding that because the Giles failed to demonstrate that any material information was concealed from them, there was no basis for extending the filing period to November 23, 2005. The court found that the Giles' attorney's letter of May 21, 1999, indicated that the

Giles were aware that they had a viable claim for breach of contract by that date and, therefore, that their action filed in November 2005 was time-barred. This appeal by the Giles followed.

## II. DISCUSSION

### A. Motion for Summary Judgment

[¶ 7] The Giles contend that the court failed to properly consider the extent of their pleadings and relied solely on evidence presented in the May 21, 1999 letter to grant a motion for summary judgment in favor of Albert. Further, the Giles contend that the court failed to properly consider their allegations of fraudulent concealment against Albert.

[¶ 8] The general statute of limitations in Maine provides that a civil cause of action must be brought within six years of the date it accrued. 14 M.R.S. § 752 (2007). An action is commenced by the earlier of the date of service on the defendant or filing the action in court. A cause of action accrues at "the time judicially cognizable injury is sustained." *Dugan v. Martel,* 588 A.2d 744, 746 (Me.1991). For torts, this occurs at "the point at which a wrongful act produces an injury for which a potential plaintiff is entitled to seek judicial vindication." *Id.* In a breach of contract claim, that date occurs when the defendant breaches the contract. The Giles presented nothing in their opposition to Albert's motion for summary judgment to create an issue of fact regarding the date of the alleged breach. The breach of contract action accrued, at the latest, on May 21, 1999, the date on which the Giles' attorney sent a letter to Albert indicating that the Giles had a cause of action. The claim filed on November 23, 2005, is therefore barred by the six-year statute of limi-

---

1. Both parties agreed to transform the motion to dismiss into one for summary judgment because matters outside of the pleadings were presented to the court.

tations. Accordingly, the trial court did not abuse its discretion in granting Albert's motion for summary judgment.

**B.  The Motion for Relief from Judgment and Motion to Amend**

[¶ 9]  The Giles contend that the trial court committed reversible error in denying their motion to amend and motion for relief from judgment. We review a trial court's denial of a rule 60(b) motion for clear error or an abuse of discretion. *Scott v. Lipman & Katz, P.A.,* 648 A.2d 969, 972 (Me.1994). Contrary to the Giles' contention that the court did not pay sufficient attention to their factual allegations and did not correctly apply well-settled law in its decisions, the plain language of the court's May 29, 2007, order denying the Giles' 60(b) motion makes clear that the court properly considered the Giles' arguments and did not abuse its discretion or commit clear error. *See id.* Accordingly, we affirm the court's denial of the Giles' motions to amend and for relief from judgment.

The entry is:

Judgment affirmed.