■ BARBARA GRANATO, Appellant, v PASQUALE FABIO GRANATO, Respondent. (And Another Action.) [859 NYS2d 132]—

Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered on or about August 22, 2007, which, to the extent appealed from as limited by the brief, granted defendant's motion to direct plaintiff to sell a home in Connecticut that she received pursuant to the parties' separation agreement, deemed child support obligations as having been settled by stipulation, reserved decision on plaintiff's applications for maintenance and child support arrears and pendente lite counsel fees, and granted plaintiff's motion to vacate the note of issue while denying her application for the imposition of sanctions against defendant's counsel for allegedly filing it in a frivolous manner, unanimously modified, on the law and the facts, defendant's motion to direct plaintiff to sell the Connecticut home denied, that portion of the order that deemed child support issues as having been resolved by agreement vacated, and otherwise affirmed, without costs.

The separation agreement pursuant to which plaintiff received the Connecticut home was incorporated but not merged into the judgment of divorce. Therefore, it survives as a separately enforceable contract that cannot be set aside by motion but only by a plenary action in which an adequate record may be developed to evaluate defendant's claims of fraud, unconscionability and overreaching (*Frieland v Frieland*, 200 AD2d 484 [1994]).

The record establishes that the parties' stipulation regarding the schooling of their children and defendant's obligation to pay the expenses associated therewith does not resolve all outstanding child support issues. The resolution of such issues also must await trial in the plenary action.

To the extent that the order reserved decision, it is not appealable (CPLR 5701 [a] [2]; *Cobb v Kittinger*, 168 AD2d 923 [1990]).

The court did not improvidently exercise its discretion in declining to impose sanctions against defendant's counsel. Concur—Tom, J.P., Friedman, Nardelli, Catterson and Moskowitz, JJ.