STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL APPEAL
                                                  DOCKET NO. CV-08-421


RICHARD HAMILTON, JR., ET AL.

    Plaintiffs

                                                  DECISION AND ORDER

v.


BANK OF AMERICA CORP., ET AL.,

    Defendants


## BEFORE THE COURT

This matter comes before the court on the Bank of America's and

Safeguard Properties, LLC's joint motion to strike the plaintiffs' complaint, First

American Appraisal's motion to dismiss, Lawyers Title Insurance Corporation's

motion to dismiss, Kenneth Farrington, Jr.'s motion for judgment on the

pleadings, and a motion for withdrawal filed by counsel for David and Shelley

Alley d/b/a D & S Properties.

## BACKGROUND AND PROCEDURAL HISTORY

This complex action stems from a suit in which the plaintiffs filed thirty

counts[1] against twenty-six various defendants concerning the sale of property in

---

[1] The plaintiffs' complaint alleges the following counts:

I.     Breach of Contract
II.    Breach of Contract – Third Party Beneficiary
III.   Tortious Interference with Contract
IV.   Theft
V.    Theft by Extortion
VI.   Criminal Trespass
VII.  Negligence

New Gloucester, Maine to Plaintiff Richard E. Hamilton, Jr. (Hamilton, Jr.).

Defendant Bank of America (the Bank) provided mortgage financing to

Hamilton, Jr. to purchase the land and a new mobile home thereon in July of

2000. In 2005, Hamilton, Jr. moved to Florida and his father, Defendant Richard

E. Hamilton, Sr. (Hamilton, Sr.), checked on his son's New Gloucester residence

on a routine basis. When trying to sell the property, in October of 2007, it was

discovered that a junkyard on the abutting property was encroaching on

Hamilton, Jr.'s land. Subsequently, the plaintiffs purport that they were not able

to sell the property. After making the determination that the property was

abandoned, the Bank hired Safeguard Properties to change the locks on the

mobile home.

In a lengthy, vague, and often confusing complaint, the plaintiffs

primarily allege that the defendants fraudulently withheld information at the

---

VIII.   Negligent Misrepresentation
IX.   Intentional Misrepresentation
X.   Fraud (Concealment)
XI.   Defamation (Libel)
XII.   Defamation (Slander)
XIII.   False Light
XIV.   Unfair or Deceptive Acts
XV.   Trespass (Fence Hazardous Waste)
XVI.   Nuisance (Fence Hazardous Waste)
XVII.   Harassment
XVIII.   Trespass (Buried Hazardous Waste)
XIX.   Nuisance (Buried Hazardous Waste)
XX.   Negligence
XXI.   Fraud (Concealment)
XXII.   Intentional Infliction of Emotional Distress
XXIII.   Negligent Infliction of Emotional Distress
XXIV.   Violations of Civil Rights
XXV.   Abuse of Due Process
XXVI.   Violations of the Truth in Lending Act (9-A M.R.S. § 8-101)
XXVII.   Violations of the Fair Credit Billing Act (9-A M.R.S. § 8-401)
XXVIII.   Violations of the Fair Credit Reporting Act (10 M.R.S. § 1311)
XXIX.   Violations of the Fair Debt Collections Practices Act (32 M.R.S. § 11011)
XXX.   Violations of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. § 2605; 9-A M.R.S. § 3-316)

2

time of the July 2000 closing in respect to the abutting junkyard that was unlawfully encroaching on Hamilton, Jr.'s property. In addition, the complaint alleges that Hamilton, Jr. did not receive the appropriate termination and cancellation notices before the Bank hired Defendant Safeguard Properties, LLC (Safeguard Properties) to unlawfully change the locks on the property.

Prior to filing this action, on April 22, 2008, Hamilton, Sr. filed a complaint against the Bank and Safeguard Properties in the Androscoggin Superior Court alleging that he was improperly locked out of his son's property when the locks were changed without notice from the Bank. *Richard Hamilton Sr. v. Bank of America and Safeguard Properties*, LLC, CV-08-077. In that complaint, Hamilton, Sr. claimed that his son's mortgage was not in default when the locks were changed. He asserted that he had an interest in the property because he spent thousands of dollars on the residence and had thousands of dollars of equipments and tools in his son's residence. In an order dated October 20, 2008, the Androscoggin Court dismissed Hamilton, Sr.'s complaint for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6). The Court found that Hamilton, Sr. lacked standing because he did not own the property and was not a party to the mortgage with the Bank. The Court noted that Hamilton, Sr. could not assert the rights of his son against the Bank. *See Stull v. First American Title Insurance Co.*, 2000 ME 21, 745 A.2d 975, 979.

Hamilton, Sr. filed the current case concerning the same New Gloucester property on July 24, 2008, adding his son Hamilton, Jr., and his son's spouse, Jennifer R. J. Hamilton (Ms. Hamilton) as plaintiffs. The complaint contains allegations against the Bank and Safeguard Properties and adds the following defendants: (1) Atlantic Homes, Inc. (Atlantic Homes); (2) Marc Fournier,

3

President of Atlantic Homes (Fournier); (3) First Portland Mortgage; (4) Kristeen A. Link, loan processor & employee of First Portland Mortgage, (Link); (5) First Title of Maine; (6) Natalie B. Trueworthy, closing processor & employee of First Title of Maine, (Trueworthy); (7) First American Appraisal; (8) Chicago Title Flood Services, Inc. (Chicago Title);[2] (9) Sawyer, Sawyer & Minott; (10) Lawrence Sawyer, Esq., employee, owner & shareholder at Sawyer, Sawyer & Minott, (Sawyer); (11) Lawyers Title Ins. Corp. (Lawyers Title); (12) Northeast Land Surveying; (13) Eugene Schleh, employee, owner & shareholder Northeast Land (Schleh); (14) Republic Mortgage Ins. Co. (Republic Mortgage); (15) Transamerica Flood Hazard Certification (Transamerica);[3] (16) David and Shelley Alley d/b/a D & S Properties (the Alleys); (17) Thomas Colban, employee of Safeguard Properties, (Colban); (18) Larry and Vicki L. Wedge (the Wedges); (19) European Used Parts Locator; (20) Kenneth Farrington, Jr. (Farrington); and (21) Arnold and Althea Eldridge (the Eldridges).[4]

---

[2] Chicago Title has been dismissed from the case and is no longer a defendant.

[3] Transamerica Flood Hazard Certification has been dismissed from the case and is no longer a defendant.

[4] The defendants are related to Hamilton, Jr.'s purchase of the relevant property and subsequent issues with the abutting junkyard in various ways. Hamilton, Jr. purchased the property and the new mobile home from Atlantic Homes, closing on the property on July 21, 2000 and obtaining a mortgage from the Bank. First Portland Mortgage provided Hamilton, Jr. with mortgage application services, and First Title of Maine provided closing services at the time of the sale. First American Appraisal provided appraisal services related to the sale. Chicago Title, Lawyers Title, Republic Mortgage, and Transamerica provided insurance services for the property. Sawyer, Sawyer & Minott provided legal assistance at the time of closing. Safeguard Properties was hired by the Bank to secure the premises that the Bank deemed to be abandoned by entering the property and changing the lock. The Wedges currently own property abutting the disputed property on which they operate a junkyard called the European Used Parts Locator, which is also named as a defendant. Defendant Farrington was the prior owner of the abutting junkyard. The Eldridges previously owned the disputed property that Hamilton, Jr. purchased.

4

Defendants Lawyers Title and First American Appraisal filed motions to dismiss the complaint based on a number of grounds. Defendant Farrington filed a motion for judgment on the pleadings. A "motion for judgment on the pleadings is the functional equivalent of a motion to dismiss for failure to state a claim." *Stevens v. Bouchard*, 532 A.2d 1028, 1029 (Me. 1987). The Bank and Safeguard Properties filed a joint motion to strike the complaint.

## DISCUSSION

### I. Motion to Strike

The Bank and Safeguard Properties filed a motion to strike on September 12, 2008 pursuant to M.R. Civ. P. 12(f) for failure to comply with M.R. Civ. P. 15(a). Rule 15(a) states that "a party may amend the party's pleading only by leave of the court. . .; and leave shall be freely given when justice so requires." M.R. Civ. P. 15(a) (2008). Hamilton, Sr. filed the Androscoggin case and then filed the current case without leave of the court. The Bank and Safeguard Properties argue that given the history of the previous case filed by Hamilton, Sr. in Androscoggin County (CV-08-077), it is clear that he is trying to manipulate the rules to avoid the consequences of earlier defective filings with new filings without leave of the court as required by Rule 15(a). The defendants argue that Richard, Sr. is driving this suit, has added his son and daughter-in-law as plaintiffs, and lacks standing to pursue these claims. The plaintiffs counter that this suit involves separate issues and circumstances than the Androscoggin case and they have raised additional claims and have omitted Hamilton, Sr. from the claims that are identical to those in the Androscoggin case. Due to the court's finding that the complaint should be dismissed for the reasons discussed below

5

this court will treat the Bank and Safeguard Properties' joint motion to strike as a motion to dismiss.

## II.    Motion to Dismiss

### A.  Standard of Review

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. In determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint." *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832. The facts alleged are treated as admitted, and they are viewed "in the light most favorable to the plaintiff." *Id.* The court should dismiss a claim only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he [or she] might prove in support of his [or her] claim." *Id.* (quoting *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246).

The defendants have raised a number of grounds warranting dismissal including a lack of standing as to Hamilton, Sr., the expiration of the statute of limitations, and a failure to state claims of fraud with particularity.

### B.  Standing

The basic premise underlying the doctrine of standing is to "limit access to the courts to those best suited to assert a particular claim." *Roop v. City of Belfast*, 2007 ME 32, ¶ 7, 915 A.2d 966, 968 (quoting *Halfway House, Inc. v. City of Portland*, 670 A.2d 1377, 1380 (Me. 1996)). In the complaint, the plaintiff "must assert a personal stake in the outcome of the litigation and present a real and substantial controversy touching on the legal relations of parties with adverse legal interests." *Franklin Property Trust v. Foresite, Inc.*, 438 A.2d 218, 220 (Me. 1981).

6

Based on the court's summary of the complaint, none of the allegations give Hamilton, Sr. or Ms. Hamilton any "standing to sue." There is no contention that they obtained a contract with the Bank or any of the other defendants. Hamilton, Jr. purchased the relevant property and was the sole owner of the property. Hamilton, Sr. and Ms. Hamilton do not claim the loss of any personal or proprietary interest resulting from their own interaction with any of the defendants. Rather the allegations stem from the legal relations between Hamilton, Jr. and the defendants. Any legal rights purportedly violated according to the allegations as set forth in the complaint are derivative of Hamilton, Jr.. The complaint on its face is devoid of any interpretation from which Hamilton, Sr.'s or Ms. Hamilton's "standing to sue" can be inferred. *See Franklin Property Trust v. Foresite, Inc.*, 438 A.2d 218, 220 (Me. 1981); *Nichols v. City of Rockland*, 324 A.2d 295, 296-97 (Me. 1974). Because they do not have standing to raise the issues asserted, this court will not proceed to the merits of the arguments dealing with each of their alleged claims. Accordingly, the discussion that follows pertains exclusively to the claims made by Hamilton, Jr..

### C.   Statute of Limitations

The parties disagree about whether the statute of limitations bars recovery in this case. Under Maine law, the general statute of limitations provides that a civil cause of action must be brought within six years of the date it accrued. 14 M.R.S. § 752 (2008). The cause of action accrues at "the time judicially cognizable injury is sustained." *Dugan v. Martel*, 588 A.2d 744, 746 (Me. 1991). For breach of contract claims the accrual "date occurs when the defendant breaches the contract." *Gile v. Albert*, 2008 ME 58, ¶ 8, 943 A.2d 599, 601. For tort claims the accrual date occurs at "the point at which a wrongful act produces an injury for

which a potential plaintiff is entitled to seek judicial vindication." *Dugan*, 588 A.2d at 746.

Violations of particular statutes may have shorter statutory time limits. For example, claims for violations of the Truth-in-Lending Act must be brought within one year from the date of the occurrence of the violation. 9-A M.R.S. § 8-208(5). The same statutory limit applies to violations of Fair Debt Collections Practices Act. 32 M.R.S. § 11054(5). Violations of the Fair Credit Reporting Act must be brought within two years from the date on which the liability arises, except when a defendant has willfully and materially misrepresented information. 10 M.R.S. § 1324. Claims made under RESPA must be made within three years from the date of the occurrence of the violation. 12 U.S.C. § 2607.

If any claim is fraudulently concealed from the potential plaintiff, then the statute of limitations begins to run when the potential plaintiff discovers that he has a cause of action or when he should have discovered it in the exercise of due diligence and ordinary prudence. 14 M.R.S. § 859 (2008); *Efstathiou v. Aspinquid, Inc.*, 2008 ME 145, ¶ 17, 956 A.2d 110, 117. The Law Court has held that fraud sufficient to toll the statute of limitations is committed by failure to disclose or by silence when the plaintiff proves in the alternative (1) an act of concealment of the truth; or (2) a special relationship, such as a confidential or fiduciary relationship, imposing an affirmative duty to disclose; or (3) a statutory duty to disclose information that a defendant may not have known without the requisite inquiry. *See McGeechan v. Sherwood*, 2000 ME 188, ¶¶ 61-62, 760 A.2d 1068, 1081; *Glynn v. Atl. Seaboard Corp.*, 1999 ME 53, ¶ 12, 728 A.2d 117, 120.

8

The claims arising from the incident in which the Bank hired Safeguard Authorities to change the locks on Hamilton, Jr.'s property may fall within the statutory time limit. However, many of the allegations in the complaint stem from Hamilton, Jr.'s closing on his property in July 2000. Therefore, these claims have exceeded the six-year time limit. The plaintiffs contend that the defendants fraudulently concealed material information about the abutting junkyard from the plaintiffs, which was not discovered until July 2003 when the plaintiffs found hazardous waste buried on Hamilton, Jr.'s property. Although the statute of limitations may be extended for fraud, the complaint contains no specific and particular allegations of fraud as is required under Maine law. Thus, all claims stemming from the July 2000 closing that do not involve allegations of fraud are barred by the statute of limitations.

## D. Fraud

Fraud occurs when a defendant: "(1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance upon it, and (5) the plaintiff justifiably relies upon the representation as true and acts upon it to his damage." *St. Francis de Sales Fed. Credit Union v. Sun Ins. Co. of N.Y.*, 2002 ME 127, ¶ 26, 818 A.2d 995, 1003 (quotation marks omitted). The plaintiffs have not presented reasonably sufficient specific facts to include an allegation of fraud in their complaint. M.R. Civ. P. 9(b) (requiring averments of fraud to be made with specificity). Thus, the alleged claims of fraud fail to state a claim upon which relief may be granted.

## E. The Complaint

According to Rule 8 of the Maine Civil Rules of Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment." M.R. Civ. P. 8(a). The Law Court has recognized that the purpose of Rule 8(a) is to provide the opposing party "fair notice of the claim." *Polk v. Town of Lubec*, 2000 ME 152, ¶ 18, 756 A.2d 510, 514 (quoting *E.N. Nason, Inc. v. Land-Ho Dev. Corp.*, 403 A.2d 1173, 1177 (Me. 1979)).

The complaint filed by the plaintiffs contains thirty counts against twenty-six defendants and is sixty-five pages in length. It is both redundant and vague throughout. In the interest of fair notice to the defendants, as well as judicial economy, the complaint should be dismissed as to Hamilton, Jr. without prejudice. Hamilton, Jr. may either file a new complaint pro se or through an attorney.[5] Regardless, he must do so in accordance with Rule 8(a). If Hamilton, Jr. files a new complaint pro se he will be held to the same standard as he would be if he obtains counsel. Maine law is clear that a pro se party is subject to the same standards as a party represented by counsel, "particularly in areas so fundamental as . . . the statement of a claim." *Uotinen v. Hall*, 636 A.2d 991, 992 (Me. 1994).

Should Hamilton, Jr. elect to file a new complaint, he should be cautioned not to raise claims stemming from the July 2000 closing that do not involve

---

[5] It should be noted that Maine law prohibits Hamilton, Sr. from filing a new complaint for Hamilton, Jr. as he is not authorized to practice law in the state and may not represent his son in this matter. This includes the filing of court papers as representative of other persons, which is appropriately enjoined pursuant to 4 M.R.S.A. § 808 as unauthorized practice of law in violation of 4 M.R.S.A. § 807. If Hamilton, Jr. proceeds with this matter pro se he must represent himself.

specific allegations of fraudulent concealment as these claims are barred by the statute of limitations.

## CONCLUSION

Accordingly, the Order and Entry shall be:

1. The Complaint in its entirety is hereby DISMISSED with prejudice as to Jennifer R. J. Hamilton and Richard E. Hamilton, Sr. due to a lack of standing.

2. The Complaint in its entirety is hereby DISMISSED without prejudice as to Richard E. Hamilton, Jr. due to a failure to comply with M.R. Civ. P. 8(a).

3. Defendant First American Appraisal's motion to dismiss is hereby GRANTED.

2. Lawyers Title Insurance Corporation's motion to dismiss is hereby GRANTED.

3. Kenneth Farrington, Jr.'s motion for judgment on the pleadings is hereby GRANTED.

4. Bank of America's and Safeguard Properties, LLC's motion to strike the plaintiffs' complaint is hereby GRANTED.

5. Attorney L'Hommedieu's motion to withdraw from representation of defendants David and Shelly Alley and D&S Properties is hereby GRANTED.

.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: January 21, 2009

Joyce A. Wheeler, Justice

11

## CV-08-421 Hamilton, et als vs. Bank of America, et als

| | |
|---|---|
| Richard Hamilton, Jr. | Pro Se |
| Jennifer Hamilton | Pro Se |
| Richard Hamilton, Sr. | Pro Se |
| Bank of America | Rufus Brown, Esq. |
| Atlantic Homes/Marc Fournier | Steven Wright, Esq. |
| | Anna Collins, Esq. |
| First Portland Mortgage | Andrew Cloutier, Esq. |
| First Title of Maine | "        " |
| First American Appraisal | David Soley, Esq. |
| | Glenn Israel, Esq. |
| Sawyer, Sawyer & Minott | James Bowie, Esq. |
| | Hillary Bouchard, Esq. |
| Lawrence Sawyer, Esq. | J. Bowie/H. Bouchard |
| Lawyers Title Ins. Corp. | Thomas Laprade, Esq. |
| Northeast Land/E. Schleh | Pro Se |
| Republic Mortgage Ins. Co. | Louise Thomas, Esq. |
| | Katherine Rand, Esq. |
| Transamerica Flood Hazard | Glenn Israel, Esq. |
| Certification | David Soley, Esq. |
| Safeguard Properties LLC | Michael Traister, Esq. |
| David Alley d/b/a D & S Properties | L. Chris L'Hommedieu |
| | (w/drew 1-16-09) |
| Thomas Colban | John Wall, III, Esq. |
| Larry Wedge | Pro Se |
| Kenneth Farrington, Jr. | Steven Cope, Esq. |
| Arnold & Althea Eldridge | Pro Se |