■ In the Matter of RONALD ANTHONY G. III, a Child Alleged to be Neglected. RONALD G., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [875 NYS2d 38]—

Appeal from order, Family Court, New York County (Susan K.

Knipps, J.), entered on or about April 23, 2008, which, in a child neglect proceeding, upon respondent-appellant parent's failure to submit papers in opposition to petitioner Administration for Children's Services' motion pursuant to Family Court Act § 1039-b (b) (6) for a finding that reasonable efforts to return the child to his home are not required, reserved decision on the motion in order to afford appellant an opportunity to submit evidence in support of his position that a hearing on reasonable efforts is required, unanimously dismissed, without costs.

In opposition to the motion, which was based on the existence of judgments involuntarily terminating respondents' parental rights to other of their children, appellant submitted no evidence but simply argued that due process necessarily required a hearing. The order on appeal, however, makes no ruling one way or the other as to whether there will be a hearing. While the order does determine that the judgments terminating parental rights satisfied petitioner's initial burden on the motion, and that the burden was thereby placed on respondents to come forward with evidence raising issues of fact bearing on the other inquires to be made on a section 1039-b (b) (6) motion— whether providing reasonable efforts would be in the child's best interests, not contrary to the child's health and safety, and likely to result in reunification of parent and child in the foreseeable future—the order makes no findings of fact. Instead, it affords appellant and his corespondent an additional opportunity to submit evidence pertinent to these other inquiries, and sets a briefing schedule and a new return date. To the extent the order reserves decision on the motion, it is not appealable as of right (CPLR 5701 [a] [2]; *see Granato v Granato*, 51 AD3d 589, 590 [2008]); to the extent the order imposes a burden on appellant to come forward with evidence, at this juncture, absent a finding dispensing with reasonable efforts, appellant is not aggrieved thereby (CPLR 5511). Concur— Andrias, J.P., Saxe, Acosta and Renwick, JJ.