■ In the Matter of SKYLER C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SATIMA C., Appellant. [964 NYS2d 616]—

In a child neglect proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of disposition of the Family Court, Queens County (Arias, J.), dated January 18, 2012, which, upon an order of the same court also dated January 18, 2012, granting the petitioner's motion for summary judgment on the issue of derivative neglect and determining that the mother had derivatively neglected the subject child, placed the child under the supervision of the Commissioner of Social Services of the City of New York, subject to certain conditions, and (2) an order of the same court dated March 16, 2012, which, after a hearing, granted the petitioner's motion pursuant to Family Court Act § 1039-b (b) (6) for a finding that reasonable efforts to reunite the mother with the subject child were no longer required.

Ordered that the order of disposition dated January 18, 2012, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated March 16, 2012, is affirmed, without costs or disbursements.

On her appeal from the order of disposition, the mother challenges an order of the Family Court which granted the motion of the petitioner, Administration for Children's Services (hereinafter ACS), for summary judgment on the issue of derivative neglect, and determined that she had derivatively neglected the subject child. ACS's motion was properly granted because ACS

established its prima facie entitlement to that relief, and the mother failed to raise a triable issue of fact in opposition (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182-183 [1994]; *Matter of Justin P.*, 50 AD3d 802, 803 [2008]).

The Family Court properly relieved ACS of its obligation to make reasonable efforts to reunite the mother with the child under Family Court Act § 1039-b. That section of the Family Court Act was enacted as part of an effort to bring New York into compliance with the Federal Adoption and Safe Families Act of 1997, as amended (Pub L 105-89, 111 US Stat 2115) (*see Matter of Dashawn W. [Antoine N.]*, 21 NY3d 36, 51 [2013]; *Matter of Marino S.*, 100 NY2d 361, 369 [2003]; Assembly Mem in Support, 1999 McKinney's Session Laws of NY at 1485). Under section 1039-b of the Family Court Act, a court, upon motion of a social services official, may make a finding that "reasonable efforts to return the child to his or her home are no longer required" (Family Ct Act § 1039-b [a]; *see also* Family Ct Act § 352.2 [2] [c]; *Matter of Dashawn W. [Antoine N.]*, 21 NY3d 36, 51 [2013]). Additionally, in accord with the federal statute, the Family Court "shall" make that finding when it determines that any one of certain enumerated circumstances exists (*compare* Family Ct Act § 1039-b [b] [1]-[6] *with* 42 USC § 671 [a] [15] [D] [i]-[iii]). As relevant here, one of those circumstances is that "the parental rights of the parent to a sibling of such child have been involuntarily terminated" (Family Ct Act § 1039-b [b] [6]). The New York law is not, however, absolute, as it provides an exception, even in the presence of an enumerated circumstance:

"reasonable efforts to make it possible for the child to return safely to his or her home shall not be required where the court determines that

"[an enumerated circumstance exists];

"unless the court determines that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future" (Family Ct Act § 1039-b [b]).

Here, contrary to the mother's contention, ACS established that the mother's parental rights with respect to a sibling of the subject child had been terminated "involuntarily" (Family Ct Act § 1039-b [b] [6]; *compare* Social Services Law §§ 383-c, 384, *with* Social Services Law § 384-b). In support of its motion, ACS submitted the judgments terminating the mother's parental

rights with respect to the child's two elder siblings (*see Matter of Ronald Anthony G.*, 60 AD3d 482, 483 [2009]). In opposition to ACS's motion, the mother failed to prove that "reasonable efforts" should nonetheless still be required under the exception provided for in Family Court Act § 1039-b (b). We reject the mother's contention that the statute places the burden on the social services official to establish the inapplicability of the exception, rather than on the parent to establish its applicability. Rather, we agree with the other departments of the Appellate Division, which have rejected the mother's interpretation of the statute with respect to parents whose parental rights were involuntarily terminated (*see* Family Ct Act § 1039-b [b] [6]; *Matter of Harmony P. v Christopher Q.*, 95 AD3d 1608, 1609 [2012]; *Matter of Jacob E. [Valerie E.]*, 87 AD3d 1317, 1318 [2011]; *Matter of Ronald Anthony G.*, 60 AD3d at 483). Given the text of the statute, as well as its structure, which make the exception applicable to all six enumerated circumstances, some of which involve egregious conduct by the parent, the only reasonable interpretation is that once the social services official establishes the existence of an enumerated circumstance, the burden shifts to the parent to establish the applicability of the exception. Here, the mother failed to satisfy this burden.

The mother's remaining contention is without merit. Skelos, J.P., Balkin, Cohen and Miller, JJ., concur.