STATE OF MAINE                        SUPERIOR COURT
CUMBERLAND, ss                        CIVIL ACTION
                                      DOCKET NO. RE-09-97

ESTATE OF THOMAS P. CURRAN, SR.,

    Plaintiff
                                      ORDER ON MOTION FOR
    v.                                SUMMARY JUDGMENT

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAR 27 2015

RECEIVED

HELEN CURRAN,

    Defendant

This matter is before the court on defendant's motion for summary judgment. This is one of several cases that resulted from Thomas Curran, Sr. and Helen Curran's divorce in 1988. This case concerns property located on Chebeague Island in Maine. Other cases involving these parties have been filed in New York and New Hampshire. This court stayed the Maine action after defendant filed her motion for summary judgment in 2010 to allow the New York court to rule on the enforceability of the separation agreement.[1] The parties have reached a settlement agreement in the New York case and now ask this court to rule on the motion for summary judgment. For the following reasons, defendant's motion is granted.

## FACTS

The following facts are presented in a light most favorable to plaintiff as the non-moving party. Thomas Curran, Sr. and Helen Curran married in Portland, Maine on January 29, 1955. (Def.'s Supp. S.M.F. ¶ 1.) They had four

---

[1] The parties' separation agreement contains a provision requiring the parties to arbitrate any dispute arising under the agreement. (Def.'s Ex. 1 at 31.) Neither party has moved to compel arbitration in this case. By litigating the merits of the case, the parties have waived their rights to arbitration. *Saga Commc'ns of New England, Inc. v. Voornas*, 2000 ME 156, ¶ 12, 756 A.2d 954.

children: Thomas Curran Jr., Kevin Curran, Pamela Curran and Stephanie Curran. (Def.'s Supp. S.M.F. ¶ 2.) Thomas Sr. and Helen primarily lived in New York during their marriage, but they owned a summer home on Chebeague Island in Maine as joint tenants. (Def.'s Supp. S.M.F. ¶ 9.)

In 1988, Thomas Sr. and Helen divorced in New York. (Def.'s Supp. S.M.F. ¶ 4.) The couple's divorce was controlled by a separation agreement dated March 8, 1988 and divorce judgment dated April 24, 1988. (Def.'s Supp. S.M.F. ¶¶ 3-4.) The divorce judgment explicitly states that the separation agreement would survive and not be merged with the divorce judgment. (Def.'s Supp. S.M.F. ¶ 5.) The separation agreement states that the provisions of the agreement would be incorporated into the judgment but be deemed to survive the judgment. (Def.'s Supp. S.M.F. ¶ 5, as qualified by Pl.'s Opp. S.M.F. ¶ 5.)

Under the separation agreement, Helen and Thomas Sr. were to sell the Chebeague Island property "as quickly as reasonably possible." (Def.'s Supp. S.M.F. ¶¶ 6, 22.) The agreement required Thomas Sr. to pay all of the expenses for the property, including maintenance and repairs, until the house sold. (Pl.'s Add. S.M.F. ¶ 4.) For whatever reason, the property was never sold. (Def.'s Supp. S.M.F. ¶ 7, as qualified by Pl.'s Opp. S.M.F. ¶ 7.) Thomas Sr. died in January 2008, and Kevin Curran was appointed the executor of his estate. (Def.'s Supp. S.M.F. ¶¶ 8, 10.)

After Helen and Thomas Sr.'s divorce, Kevin Curran told his father to seek legal action to force a sale of the Chebeague Island property. (Pl.'s Opp. S.M.F. ¶ 24; Def.'s Supp. S.M.F. ¶ 25.) On March 22, 1992, Thomas Sr.'s attorney, Paul Eric Rudder, sent a letter to Helen threatening legal action if she did not sell the New York properties and comply with her other obligations under the

separation agreement. (Def.'s Supp. S.MF. ¶ 27, as qualified by Pl.'s Opp. S.M.F. ¶ 27.) On July 24, 1992, Thomas Sr. sent a letter to Helen informing her that he would stop making payments for utilities and taxes on the properties. (Def.'s Supp. S.M.F. ¶ 26, as qualified by Pl.'s Opp. S.M.F. ¶ 26.) Despite Thomas Sr.'s threat, he continued to make maintenance payments on the properties up until his death, which totaled approximately $160,000. (Def.'s Supp. S.M.F. ¶¶ 15, 30; Pl.'s Opp. S.M.F. ¶¶ 15, 30.)

Plaintiff filed a two-count complaint on April 17, 2009. Count I seeks enforcement of Helen Curran and Thomas Curran, Sr.'s separation agreement and divorce judgment. Count II seeks equitable partition and sale of the property.

DISCUSSION

## 1. Summary Judgment Standard

"Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Dussault v. RRE Coach Lantern Holdings, LLC*, 2014 ME 8, ¶ 12, 86 A.3d 52 (quoting *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *McIlroy v. Gibson's Apple Orchard*, 2012 ME 59, ¶ 7, 43 A.3d 948 (quoting *N. E. Ins. Co. v. Young*, 2011 ME 89, ¶ 17, 26 A.3d 794). "Even when one party's version of the facts appears more credible and persuasive to the court, any genuine factual dispute must be resolved through fact-finding, regardless of the nonmoving party's likelihood of success." *Lewis v. Concord Gen. Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. If facts are undisputed

but nevertheless capable of supporting conflicting, plausible inferences, "the choice between those inferences is not for the court on summary judgment." *Id.*

1. Maine Property Law

Thomas Sr. and Helen Curran owned the Chebeague Island property as joint tenants. "[W]here a settlement agreement and a divorce judgment provide for a future sale or disposition of the real estate and are silent on the parties' intentions as to whether the property remains in joint tenancy pending the disposition, it should not be presumed that the parties intended an immediate severance of the joint tenancy." *In re Estate of Gordan*, 2004 ME 23, ¶ 14, 842 A.2d 1270.

Because they held the property as joint tenants with the right of survivorship, when Thomas Sr. died in 2008, Helen Curran became the sole owner of the Chebeague Island property. *Irvin L. Young Found., Inc. v. Damrell*, 511 A.2d 1069, 1070 (Me. 1986). Plaintiff does not dispute that title to the property passed to Helen, but contends that Thomas Sr.'s estate has an interest in the property by virtue of the separation agreement and divorce judgment. That interest, the estate argues, can be enforced after Thomas Sr.'s death.

Plaintiff is correct that an interest in property created by a separation agreement or divorce judgment can survive the death of a joint tenant. There are nevertheless two disputed issues before the court:[2] (1) whether the Estate's claims are barred by the statute of limitations and (2) whether the estate can enforce the New York divorce judgment.

---

2 Because the court resolves these issues in favor of defendant, the court does not reach defendant's waiver argument.

4

## 2. Incorporation and Merger

Before the court addresses the parties' arguments in this case, it is necessary to understand the relationship between the separation agreement and the divorce judgment. The court will apply New York law because the agreement states that it is governed by the laws of the state of New York. (Def.'s Ex. 1 at 32.) In this case, there is specific language in the separation agreement that states the agreement was to be incorporated but not merged in the judgment of divorce. *See Vest v. Vest*, 855 N.Y.S.2d 597, 599 (N.Y. App. Div. 2008) ("Where a stipulation is not expressly made to survive the final judgment of divorce, it merges with the judgment and retains no contractual significance."). "A separation agreement that is incorporated into but not merged with a divorce decree is an independent contract binding on the parties unless impeached or challenged for some cause recognized by law." *Fecteau v. Fecteau*, 949 N.Y.S.2d 511, 513 (N.Y. App. Div. 2012). Such an agreement is "subject to principles of contract construction and interpretation." *Hanau v. Cohen*, 996 N.Y.S.2d 294, 296 (N.Y. App. Div. 2014).

With these principles of incorporation in mind, the court must first determine which state's statute of limitations applies to the separation agreement and divorce judgment.

## 3. Choice of Law - Statute of Limitations

"Under traditional choice of law rules, the forum state generally applies its own statute of limitations to a cause of action, even though it may apply the substantive law of another state." *Johanson v. Dunnington*, 2001 ME 169, ¶ 6, 785 A.2d 1244. The two exceptions to this rule are: "(1) where Maine's borrowing statute applies; and (2) where the claim is predicated on a foreign statutory

5

enactment." *Id.* The second exception does not apply to this case because plaintiff's claims are based on common law and not a foreign statute. *Id.* ¶ 7.

Maine's borrowing statute provides: "No action shall be brought by any person whose cause of action has been barred by the laws of any state, territory or country while all the parties have resided therein." 14 M.R.S. § 866 (2014). Thomas Sr. left New York in 1984 and never moved back. (Pl.'s Add. S.M.F. ¶ 5.) Thus, it appears from the record that Maine's borrowing statute does not apply.

Defendant argues that the choice of law provision in the separation agreement requires the court to apply New York's statute of limitations. Defendant does not cite any authority for this argument. The court's own research reveals that there is no reason to depart from the traditional rule "that statutes of limitation are procedural and governed by the law of the forum . . . ." *In re Western United Nurseries, Inc.*, 191 B.R. 820, 824 (Bankr. D. Ariz. 1996). To the extent there is any conflict between Maine and New York's statute of limitations, the court will apply Maine law.

### 4. Enforcing the Separation Agreement

A separation agreement that is incorporated but not merged into the divorce judgment is interpreted like any contract and survives the judgment. *Granato v. Granato*, 859 N.Y.S.2d 132, 133 (N.Y. App. Div. 2008). The applicable statute of limitations for a breach of contract action is six years. 14 M.R.S. § 752 (2014). Plaintiff argues that there has been no breach of the separation agreement because Thomas Sr. continued to pay maintenance costs on the Chebeague Island home. The court disagrees.

Under the 1988 separation agreement, the parties were required to sell the Chebeague Island home as quickly as reasonably possible and divide the

6

proceeds. (Def.'s Supp. S.M.F. ¶ 22.) In 1992, Thomas Sr. threatened legal action against Helen Curran if she did not comply with the separation agreement, and he advised her that he would stop paying the taxes and utilities for the homes she was required to sell under the agreement. (Def.'s Supp. S.M.F. ¶¶ 26-27, as qualified by Pl.'s Opp. S.M.F. ¶¶ 26-27); *see Gile v. Albert*, 2008 ME 58, ¶ 8, 943 A.2d 599 ("The breach of contract action accrued, at the latest, on May 21, 1999, the date on which the Giles' attorney sent a letter to Albert indicating that the Giles had a cause of action."). Kevin Curran also acknowledges that he urged his father to pursue legal action against Helen Curran to force a sale of the property before 1990. (Def.'s Supp. S.M.F. ¶ 25). Given these facts, the cause of action accrued at the latest in 1992. This suit was not filed until 2009. Plaintiff's action to enforce the separation agreement is barred by the six-year statute of limitations applicable to contracts.

5. Enforcing the Divorce Judgment

The Estate argues that it can enforce Thomas Sr.'s rights under the divorce judgment. The New York divorce judgment states that the separation agreement would survive and the court would "retain jurisdiction of the matter solely for the purpose of specifically enforcing such of the provisions of that agreement as are capable of specific enforcement [sic]." Under Maine law, there is no statute of limitations on enforcing a judgment. 14 M.R.S. § 752 (2014). Thus, plaintiff argues, it can enforce the judgment at any time in Maine. Defendant argues that the court cannot enforce the New York judgment. The court agrees with defendant for three reasons.

First, under New York law when an agreement is incorporated but not merged in a judgment, it cannot be set aside by post-judgment motion but only

7

by a plenary action. *See Granato*, 859 N.Y.S.2d at 133; *cf. Vest*, 855 N.Y.S.2d at 599 (holding that, because agreement merged in the judgment, trial court had discretion to modify the judgment as justice required); *see also Thompson v. Lindblad*, 509 N.Y.S.2d 389, 390 (N.Y. App. Div. 1986) ("[U]nder existing case law, the provisions of the Domestic Relations Law are available for enforcement only where the judgment of divorce or a subsequent order contains specific language directing payment of a sum of money.").

Second, although there are few precedents precisely on point, at least one court that has addressed this issue has held that the statute of limitations applicable to contracts applies to enforcing a separation agreement that is incorporated but not merged into the divorce judgment. *See Meadors v. Meadors*, 946 S.W.2d 724, 725 (Ark. App. 1997).

Finally, there is no judgment in this case that a Maine court can enforce. According to the divorce judgment, the New York court "retain[ed] jurisdiction of the matter solely for the purpose of specifically enforcing such of the provisions of that agreement as are capable of specific enforement [sic]." (Def.'s Ex. 2.) Plaintiff could likely have filed a post-judgment motion in New York to enforce a provision of the settlement agreement incorporated in the judgment. *See Handel v. Handel*, 461 N.Y.S.2d 1023, 1023 (N.Y. App. Div. 1983). There is nothing in the judgment, however, that gives this court jurisdiction to enforce it. There is no final judgment ordering a sale of the property and no determination regarding any defenses such as waiver.

## CONCLUSION

Under Maine property law, Helen Curran became the sole owner of the Chebeague Island property on the death of Thomas Curran, Sr. The estate's

8

breach of contract claim, filed more than 20 years after Helen and Thomas Sr.'s divorce, is barred by the statute of limitations. The estate's claim for enforcement of the New York divorce judgment fails because the judgment is not enforceable by this court.

The entry is:

Defendant's motion for summary judgment is GRANTED.

Dated: 3/27/15

Joyce A. Wheeler
Justice, Superior Court

Plaintiff-Peter Malia Esq
Defendant-Clarke Hambley Esq/Catherine Miller Esq

9