LOUIS B. CARON ET AL *vs*. HYMAN MARGOLIN ET AL.

Androscoggin.     Opinion October 2, 1929.

*Belleau & Belleau,* for plaintiffs.
*Clifford & Clifford,* for defendants.

SITTING: WILSON, C. J., DUNN, DEASY, STURGIS, BASSETT, FARRINGTON, JJ.

WILSON, C. J.   An action on the case to recover damages for interference with an easement common to lot owners abutting on Ash Street in the city of Lewiston, the easement consisting of a building restriction within twelve feet of the street line.

In 1872 the Franklin Company, located in Lewiston and owning a large tract of vacant land, divided it into lots with streets projected on a plan and in conveying inserted in each deed of the lots now owned by the parties to this cause, and also in the deeds of the other lots fronting on Ash Street, a restriction that no building should be erected within twelve feet of the street line.

Such a restriction in deeds of land on another street was held by this court in *Leader* v. *Laflamme,* 111 Me., 242, to have been imposed by the Franklin Company for the benefit of the principal estate and that it ran with the land for the benefit of each succes-

sive grantee whether mentioned in the subsequent deed or not. The land involved in this action was a part of the same original tract as that in the case above cited, and we see no reason to hold otherwise than was held in that case, viz.: that a permanent easement was created in the twelve-foot strip for the benefit of adjoining lot owners which ran with the land for the benefit of each successive grantee.

There is no question but that the defendants in the case at bar have interfered with this easement, if it still exists, by constructing an addition one story high in front of the building owned by them, and extending to the street line. The addition being a wooden structure to serve as a show or display window for the store occupying the street floor, and so far as the case discloses could be readily removed and the building restored to its former condition.

A jury found that the defendants had violated this restriction and that the value of the plaintiffs' adjoining property was thereby diminished and assessed damages to the amount of one thousand dollars.

The case is before this court on defendants' motion for a new trial on the grounds that the verdict is against the law and that the damages awarded are excessive.

The defendants urge in support of their first ground: (1) that the evidence discloses an abandonment of the easement by all the abutting owners on this street; (2) that the neighborhood has so changed in character that the purpose for which the easement was originally created would no longer be served by its enforcement and that it would be inequitable to enforce it; (3) that the plaintiffs were aware of the building of the addition and permitted its erection without protest and further had violated the restriction themselves and, therefore, should now be estopped from recovering in this action, and (4) that the plaintiff Caron was a grantor of the immediate predecessor in title of the defendants and if recovery is had in this action, the defendants may recover the amount of the award from the plaintiff Caron, and recovery in this action would only result in a circuity of action, which the courts do not favor.

We think none of these defenses can prevail. There is not sufficient evidence to warrant a finding of an abandonment of this easement, at least in its entirety by the abutting owners in the

immediate vicinity of the property of the plaintiffs and defendants. The jury must have so found, and we think without error in law or judgment.

Neither is there sufficient evidence of such a change up to this time in the character of the neighborhood as to render the enforcement of this restriction inequitable as was held in *Jackson* v. *Stevenson*, 156 Mass., 496, and *McArthur* v. *Hood Rubber Co.*, 221 Mass., 372. In those cases the changes were such as to practically extinguish the ground for the restriction, in effect resulting in a complete abandonment. Here the neighborhood appears to be still residential in its general character, though the restriction was not expressly limited to dwelling houses, as in *McArthur* v. *Hood Rubber Co.*, supra.

The evidence also fails to show that the jury was clearly wrong in finding that the plaintiffs were not estopped because of any knowledge of the construction of the building without protest. Caron appears to have been absent from the city until the addition was nearly completed, and it does not appear that knowledge of its beginning was brought home to the plaintiff Langelier. Neither does it appear that the plaintiffs have ever voluntarily violated the restriction. It appears from the record that, with one exception, the foundations of all the abutting owners in this vicinity were within ten feet eight inches of what the city engineer now says is the true street line. It is evident, however, there has been in the past some confusion as to the location of the street line on this side of Ash Street. All abutters evidently have understood that they were locating the foundations of their buildings on a fixed line, and there is no evidence it was done for the purpose of violating this restriction or of abandoning the easement. Their act may constitute an abandonment of so much of the easement, but so far as the record discloses can not be held to estop them from asserting their rights in the remainder of the restricted area.

It appears from the record to be true that the defendants may have a right of action against the plaintiff Caron for damages for a breach of warranty, he having in his conveyance to their immediate grantor warranted the premises free of all incumbrances, which warranty was also contained in the deed to the defendants; but this action is brought by Caron and a co-tenant, who, it ap-

pears, is his partner and who did not join in the deed to the defendants' grantor. A defense to an action by Caron, if suing alone, can not avail in a joint action by Caron and another. *Jones* v. *Vinalhaven Steamboat Co.*, 90 Me., 120. To so hold would result in Langelier, Caron's partner, being prevented from recovering any damages at all.

The verdict, therefore, can not be set aside as against the law. The damages, however, are clearly excessive, and from the record must have been assessed by the jury on an erroneous basis.

The addition is clearly of the nature of a continuing nuisance. It is not of such a permanent nature that it can not readily be removed and thus abated. Upon its being established as a nuisance in an action at law, equity will enforce its abatement. *Tracy* v. *LaBlanc*, 89 Me., 304; *Bliss* v. *Judkins*, 107 Me., 425. In such cases, damages in an action at law are only recoverable to the date of the writ. The future may be taken care of by successive actions at law, or by applying to the equity courts for its abatement. *C. & O. Canal Co.* v. *Hitchings*, 65 Me., 140; *Dority* v. *Dunning*, 78 Me., 381; *Williams* v. *Water Co.*, 79 Me., 543, 546; *Tracy* v. *LeBlanc*, supra; *Sterling* v. *Littlefield*, 97 Me., 479; *Bliss* v. *Judkins*, supra.

Clearly, damages of one thousand dollars are excessive as damages to the date of the writ or even as to any permanent injuries shown by the record. Owing to an erroneous conception by counsel at the trial of the cause as to the basis of damages in such cases, this court can not find in the record any sound basis for ordering a remittitur as an alternative of a setting aside of the verdict. The verdict is, therefore, set aside and the case remanded to the court for a new trial, but only upon the question of damages.

*So ordered.*