Judgment affirmed as to the issue of partition.

2008 ME 68

**Pamela ST. JOHN**

v.

**Jeffrey JORDAN et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 28, 2008.

Decided: April 15, 2008.

David Kreisler, Esq., Smith Elliott Smith & Garmey, P.A., Portland, ME, for Pamela St. John.

Peter C. Felmly, Esq., Melissa A. Hewey, Esq., Drummond Woodsum & MacMahon, Portland, ME, for Jeffrey Jordan and the City of South Portland.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

CLIFFORD, J.

[¶ 1]   Pamela St. John appeals from a judgment of dismissal entered in the Superior Court (Cumberland County, *Crowley, J.*) on her complaint against Jeffrey Jordan and the City of South Portland brought pursuant to the Whistleblowers' Protection Act, 26 M.R.S. §§ 831–840 (2007).   St. John contends that the court erred in dismissing her complaint as barred by res judicata based on a previous action she instituted against the same defendants.   We affirm the judgment.

[¶ 2]   In 2006, St. John filed a complaint in the Superior Court against Jordan and the City alleging seven claims in connection with her employment with the City: (1) defamation;  (2) violation of wage/hour statutes;  (3) violation of the federal Fair Labor Standards Act, 29 U.S.C.S, §§ 201–219 (LexisNexis 2006);  (4) violation of the prompt wage payment statute;  (5) quantum meruit;  (6) unjust enrichment;  and (7) breach of contract (the 2006 action).

[¶ 3]   The facts on which she based her 2006 action were: that she worked for the City as a personnel assistant; that at various times she failed to receive overtime pay to which she was entitled;  that in response, she and other employees filed a complaint against the Assistant City Manager;  that during the course of the City's internal investigation into that complaint, the Assistant City Manager resigned;  that prior to that resignation, the Assistant City Manager had written a negative internal memo about St. John's job performance;  that, although the internal memo was not supposed to have been incorporated into St. John's employment record, it was later used to critique St. John;  and that although most of the negative comments in the memo were deemed unfounded, the City Council did note that St. John failed to keep regular hours and respect overtime policies.   *See St John v. Jordan,* 2007 Me.Super. LEXIS 30 (Feb. 22, 2007).   On February 22, 2007, the court in the 2006 action (*Cole, J.*) entered a summary judgment in favor of Jordan and the City as to all counts.   *Id.* No appeal from that judgment was taken.

[¶ 4]   On January 29, 2007, St. John filed her second complaint against Jordan and the City pursuant to the Whistleblowers' Protection Act, alleging that, because

of her participation in complaining about various actions of the Assistant City Manager, she was subjected to a hostile work environment and suffered adverse employment action (the 2007 action).[1] In St. John's 2007 action, she alleges that she worked for the City as a personnel assistant; that she and other employees filed a complaint against the Assistant City Manager; that during the course of the City's internal investigation into that complaint, the Assistant City Manager resigned; that prior to that resignation, the Assistant City Manager had written a negative internal memo about St. John's job performance; that, although the internal memo was not supposed to have been incorporated into St. John's employment record, it was later used to critique St. John; and that although most of the negative comments in the memo were deemed unfounded, St. John was nevertheless "subjected to an increasingly adverse hostile work environment and received an adverse employment action." Concluding that St. John's 2007 action involved the same set of facts on which her 2006 action was based, and was therefore precluded by the doctrine of res judicata, the court granted Jordan's and the City's motion to dismiss. St. John then filed this appeal.

[¶ 5] The doctrine of res judicata prevents relitigation if: "(1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 8, 940 A.2d 1097, 1099 (quotation marks omitted). To determine whether a claim is barred, we apply a transactional test, "examining the aggregate of connected operative facts that can be handled together conveniently for purposes of trial to determine if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong." *Norton v. Town of Long Island*, 2005 ME 109, ¶ 18, 883 A.2d 889, 895 (quotation marks omitted). Such a claim is precluded even if the second action "relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, or involves evidence different from the evidence relevant to the first case." *Id.* (quotation marks omitted). We review de novo a court's conclusion that the doctrine of res judicata bars a particular litigation. *Portland Water Dist.*, 2008 ME 23, ¶ 7, 940 A.2d at 1099.

[¶ 6] Here, there is no dispute that the first two elements of res judicata are satisfied: the 2006 action involved the same parties, and a valid final summary judgment was entered in the 2006 action. We agree with the Superior Court that the third element of a res judicata analysis is satisfied as well. Contrary to St. John's contention that the fact of her employment with the City is the only fact that underlies both actions, and is but "a single fact among an unrelated collection of operative facts," most of the facts underlying the 2006 and 2007 actions are identical. Indeed, twenty-four of the twenty-eight factual allegations set out in St. John's 2007 complaint are identical to the allegations appearing in her 2006 complaint. Moreover, because St. John had received her right to sue letter from the Maine Human Rights Commission well before summary judgment was entered against her in her 2006 action, the matter presented for decision in the 2007 action could have been litigated in the 2006 action. Although St.

---

1. Pursuant to 5 M.R.S. § 4612(6) (2007), the Maine Human Rights Commission granted St. John a right to sue letter on her whistleblowers' claim.

John's 2007 complaint relies on a different legal theory than did the 2006 action, and seeks different relief, it arises out of the same nucleus of operative facts and seeks redress for essentially the same wrong. *See Norton,* 2005 ME 109, ¶ 18, 883 A.2d at 895. St. John's 2007 action is therefore barred by operation of res judicata, and the court properly dismissed her complaint on that basis.

The entry is:

Judgment affirmed.