MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2015 ME 61
Docket:       Cum-14-349
Submitted
  On Briefs:  April 23, 2015
Decided:      May 12, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

MALCOLM HALLIDAY et al.

v.

KATHRYN W. HENRY et al.

PER CURIAM

[¶1]  Malcolm and Ingigerdur Halliday appeal from a summary judgment entered in the Superior Court (Cumberland County, *Wheeler, J.*) in favor of Kathryn W. Henry and Robert N. Center on the Hallidays' complaint for statutory nuisance pursuant to 17 M.R.S. § 2808 (2014).  The Hallidays contend that the court erred in determining that their complaint was barred by the statute of limitations.  We affirm the judgment.

I.  BACKGROUND

[¶2]  On June 27, 2013, the Hallidays, unrepresented, filed a complaint in the Superior Court against their Harpswell neighbors, Henry and Center, alleging

2

one count of statutory nuisance pursuant to 17 M.R.S. § 2808.[1] The Hallidays alleged that Henry and Center's 2004 construction of a new home and garage redirected water runoff onto the Hallidays' adjacent property, resulting in damage to the Hallidays' home.

[¶3] In June of 2014, Henry and Center moved for a summary judgment on the ground that the Hallidays' complaint was barred by the statute of limitations. The Hallidays did not oppose the motion. Henry and Center's unopposed statements of material facts, which are supported by references to the evidentiary record, establish the following facts. *See* M.R. Civ. P. 56(h); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 15, 951 A.2d 821.

[¶4] Henry and Center obtained the requisite approvals from the Town to replace the existing cottage with a new home and to construct a detached garage on their property in 2003. Construction was completed in 2004. On January 5, 2005, the Town's Code Enforcement Officer issued a certificate of compliance certifying that the new cottage and garage adhered to all land use standards. In the spring of 2005, the Hallidays complained to Henry and Center that runoff from Henry and Center's yard had caused damage to the Hallidays' property. Henry and Center's

---

[1] Title 17 M.R.S. § 2808 (2014) provides as follows: "Unreasonable use of land that results in altered flow of surface water that unreasonably injures another's land or that unreasonably interferes with the reasonable use of another's land is a nuisance. An action under this section must be commenced within 3 years after the cause of action accrues."

contractor assessed the situation and informed them that the construction was not the cause of runoff to the Hallidays' property. In an overabundance of caution, however, Henry and Center added a large swale on their property to ensure that no such runoff could occur.

[¶5] By judgment dated August 12, 2014, the court granted Henry and Center's motion after concluding that the Hallidays' complaint was barred by the statute of limitations. The court did not conduct a hearing on the summary judgment motion. The Hallidays did not seek any additional relief in the trial court, but instead filed this appeal.

## II. DISCUSSION

[¶6] The Hallidays challenge the court's entry of a summary judgment in favor of Henry and Center on statute of limitations grounds. We consider the summary judgment de novo by viewing all facts in the light most favorable to the Hallidays, as the nonprevailing parties, to determine if any genuine dispute of material fact exists for trial and if the moving party is entitled to a judgment as a matter of law. *Cote Corp. v. Kelley Earthworks, Inc.*, 2014 ME 93, ¶ 8, 97 A.3d 127.

[¶7] When a party moves for summary judgment, the opposing party "must explicitly admit, deny, or qualify facts by reference to each numbered paragraph [of the moving party's statements of material facts], and a denial or qualification

must be supported by a record citation." *Dyer*, 2008 ME 106, ¶ 15, 951 A.2d 821 (quotation marks omitted); *see* M.R. Civ. P. 56(h)(2). If the nonmoving party does not properly controvert those statements of fact, all facts as set out by the moving party are deemed admitted, as long as each material fact is otherwise supported by an appropriate record reference. M.R. Civ. P. 56(h)(4); *Cote Corp.*, 2014 ME 93, ¶ 8, 97 A.3d 127.

[¶8] The Hallidays did not oppose Henry and Center's motion for summary judgment, and therefore all facts in Henry and Center's statements of material facts that are supported by appropriate record citations must be deemed admitted. Henry and Center's statements of material facts, which are supported by appropriate citations to the summary judgment record, establish that their construction was completed in 2004, the Hallidays first complained to them about the runoff in 2005, and the Hallidays did not file their complaint until 2013.

[¶9] The admitted facts establish as a matter of law that the Hallidays' complaint is barred by either limitations period that could be held to apply.[2] *See* 14 M.R.S. § 752 (2014) (establishing a six-year limitations period for civil

---

[2] Both limitations periods are calculated from the time that the cause of action accrues. *Nevin v. Union Trust Co.*, 1999 ME 47, ¶ 24, 726 A.2d 694 (stating that a cause of action "accrues" at "the time the plaintiff sustains a judicially cognizable injury" (quotation marks omitted)); *see Gile v. Albert*, 2008 ME 58, ¶ 8, 943 A.2d 599 (holding that a cause of action for a tort accrues "at the point at which a wrongful act produces an injury for which a potential plaintiff is entitled to seek judicial vindication" (quotation marks omitted)).

actions); 17 M.R.S. § 2808 (setting out a three-year limitations period for statutory nuisance claims).  Based on the summary judgment record, the Hallidays' cause of action accrued no later than 2005, when the Hallidays first complained to Henry and Center that their property was flooded as a result of the construction. Although the Hallidays might have attempted to establish a later accrual date by arguing that the runoff constituted a continuing nuisance,[3] their failure to do so, coupled with the fact that it is the Hallidays' burden to establish the timeliness of their complaint on a prima facie basis, precludes us from concluding that the date of accrual is indeed genuinely in dispute.  *See Angell v. Hallee*, 2012 ME 10, ¶ 11, 36 A.3d 922 ("Once the defendant has successfully raised the statute of limitations defense, the plaintiff must make a prima facie showing of facts that would support the tolling [of the statute of limitations].").  Thus, the unopposed summary judgment record established that the Hallidays' complaint was untimely.

[¶10]  Although the Hallidays argue that they did not receive notice of any summary judgment hearing,[4] their failure to respond to the motion gave the court

---

[3]  A continuing nuisance is one in which "the thing that constitutes the nuisance is not of such a permanent nature that it can not readily be removed and thus abated"; as long as a continuing nuisance "continues unabated, a plaintiff may bring successive actions for damages throughout its continuance." *Jacques v. Pioneer Plastics, Inc.*, 676 A.2d 504, 507 (Me. 1996) (quotation marks omitted).  Whether a nuisance is "abatable" is a question of fact. *Id*. at 508.

[4]  The Hallidays made no argument before the trial court regarding the failure of notice; nor did they seek reconsideration of the summary judgment or otherwise seek relief from the judgment pursuant to M.R. Civ. P. 60(b), which would have allowed the Superior Court to evaluate and remedy any failure of notice.  *See Walker v. Sites*, 586 A.2d 1, 1-2 (Me. 1991) (stating that when a party fails to properly

no reason to schedule a hearing. *See* M.R. Civ. P. 7(b)(1)(A) ("[F]ailure to file timely opposition [to a motion] will be deemed a waiver of all objections to the motion, which may be granted without further notice or hearing."). Finally, we decline Henry and Center's invitation to dismiss the appeal for the Hallidays' failure to comply with M.R. App. P. 9 as to their brief, and M.R. App. P. 8 as to their appendix.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Ingigerdur and Malcolm Halliday, appellants pro se

Jessica Adler Coro, Esq., Law Offices of Schulte & Moore, Portland, for appellees Robert N. Center and Kathryn W. Henry

Cumberland Superior Court docket number CV-2013-275
FOR CLERK REFERENCE ONLY

---

challenge in the trial court the lack of notice of a summary judgment proceeding—via motion to set aside the judgment—we are "unable to address it in the context of [an] appeal"). We also do not consider the Hallidays' contention that they did not receive notice of the summary judgment motion itself. *See Thurston v. Galvin*, 2014 ME 76, ¶ 5 n.1, 94 A.3d 16 (stating that an issue not briefed on appeal is deemed waived); *Bayview Loan Servicing, LLC v. Bartlett*, 2014 ME 37, ¶ 24, 87 A.3d 741 (stating that issues raised for the first time in a reply brief are not preserved for appellate review); *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 1 n.1, 970 A.2d 310 (holding that an issue as stated in a notice of appeal is not sufficient to preserve an argument that is not otherwise adequately briefed).