Malcolm and Ingigerdur Halliday-Pro Se Plaintiffs
Kathryn Henry and Robert Center-Pro Se Defendants



STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-436

INGIGERDUR HALLIDAY and )
MALCOLM HALLIDAY )
         )
         Plaintiffs, )
         )
         )
v. )
         )
KATHRYN HENRY and )
ROBERT CENTER )
         )
         Defendants. )

ORDER TO DISMISS PLAINTIFF'S
COMPLAINT

STATE OF MAINE
Cumberland ss Clerk's Office

DEC 07 2016

RECEIVED

Before the court is what purports to be a new complaint by Plaintiffs Ingigerdur and Malcolm Halliday ("the Hallidays") against Defendants Kathryn Henry and Robert Center ("Henry/Center".) Based on the following, the Hallidays' complaint is dismissed.

I. Factual and Procedural Background

Defendants Henry/Center own property sharing a common boundary with, and uphill from, property owned by the Hallidays. *Robert N. Center and Kathryn W. Henry v. Malcolm F. Halliday and Ingigerdur K. Halliday*, CUMRE-10-317 (Me. Super. Ct., Cumberland Cty., Apr. 29, 2011); letter from William Wells, Code Enforcement Officer, Town of Harpswell, to the Hallidays dated December 22, 2011. After purchasing the property, Henry/Center removed a pre-existing cottage and garage, built a new house, garage, driveway, and septic field, and undertook ditching and "other landscape features" to improve upon the drainage conditions that existed prior to the reconstruction undertaken by Henry/Center. *Id.* The Henry/Center property is burdened by an easement for ingress and egress in the path, route, and width of a pre-existing gravel road to the benefit of the Halliday property, as was depicted in the

Cumberland County Registry of Deeds Plan Book 204 ("the Plan".) *Robert N. Center and Kathryn W. Henry v. Malcolm F. Halliday and Ingigerdur K. Halliday*, CUMRE-10-317 at ¶ 3 (Me. Super. Ct., Cumberland Cty., Apr. 29, 2011).

On April 29 2011, as the result of a real estate lawsuit filed by Henry/Center against the Hallidays, there was a stipulated judgment permanently enjoining the Hallidays from parking or storing anything on their easement on the Henry/Center property, from deviating from the right of way when exercising their easement right of ingress and egress, from interfering with or obstructing the use of the easement on the Halliday property, and from altering or disturbing the easement on the Halliday property. *Id.* at ¶¶ 6, 9. The judgment stated the only easement burdening the Henry/Center property was an existing gravel road shown on the Plan and no other easement as claimed by the Hallidays was supported by evidence. *Id.* at ¶ 4. Furthermore, the judgment explicitly provided that any violations of the permanent injunctions described in the judgment were enforceable by a Motion of Contempt as governed by Maine Rule of Civil Procedure 66. *Id.* at ¶ 13.

On July 29, 2011, Malcolm Halliday, in response to a request made by him, received a letter/report from E.S. Coffin Engineering & Surveying, Inc. describing observations made by James E. Coffin, who stated that a swale constructed by Henry/Center on their property to intercept runoff was being bypassed near its top and was still allowing water to reach the Halliday property at a lower elevation, but noted that the Halliday property is near the bottom of a watershed.

On December 22, 2011, in response to a complaint filed by the Hallidays, they received a letter from the Code Enforcement Office of the Town of Harpswell stating that Henry/Center received a Certificate of Compliance on January 5, 2005, certifying they had adhered to the pertinent land use standards for the reconstruction of their

house and garage. The letter also stated the Code Enforcement Office, Planning Board and Board of Appeals found that the new house and garage were designed in accordance with the Town's Ordinances, including a provision that the structures be designed to minimize storm water runoff from the site in excess of the natural pre-development conditions. Letter from William Wells, Code Enforcement Officer, Town of Harpswell, to the Hallidays dated December 22, 2011

On October 18, 2012, the Hallidays retained an attorney to send letter to Henry/Center alleging that redirection of natural flow and drainage by Henry/Center was damaging the Hallidays' cottage, and that Henry/Center had placed rocks and a split rail fence and performed ditching in a manner that was blocking the Hallidays' easement on the Henry/Center property.

On June 20, 2013, the Hallidays filed a complaint against Henry/Center asserting a nuisance claim pursuant to 17 M.R.S.A. § 2808, alleging the Henry/Center's construction of their house, driveway, garage, and septic field and a raising of the level of their site had altered the flow of surface water in such a way as to cause damage to the Halliday property. Pl.'s 2013 Compl. ¶¶ 10-12; *Halliday v. Henry*, No. CV-13-0275, 2014 Me. Super. LEXIS 76, at *1 (Aug. 12, 2014). In June of 2014, Henry/Center moved for summary judgment on the ground that the Halliday complaint was barred by the statute of limitations. The Hallidays did not oppose the motion. On August 12, 2014, the Henry/Center motion was granted. *Id.* at *3. The Hallidays filed an appeal to the Maine Supreme Judicial Court, but on May 12, 2015, the Court affirmed the trial court's determination that the Hallidays' complaint was barred by the statute of limitations. *Halliday v. Henry*, 2015 ME 61, ¶ 10, 116 A.3d 1270. The Court noted that although the Hallidays might have attempted to establish a later accrual date by arguing that the runoff constituted a continuing nuisance, they had failed to do so. *Id.* ¶ 9. The Hallidays

filed a motion for reconsideration which was denied on June 8, 2015, because the Hallidays' failure to oppose the summary judgment motion precluded the Court from considering evidence that may have established a continuing nuisance such that the statute of limitations period could have been extended. *Halliday v. Henry*, No. CUM-14-349, (Me. Jun. 8, 2015).

On June 8, 2015, the Hallidays filed a second complaint against Henry/Center which included three charges: (1) falsifying physical evidence/perjury in first lawsuit, pursuant to 17-A M.R.S. § 455, (2) nuisances: alteration of surface water flow, pursuant to 17 M.R.S. § 2808, and (3) public and private rights in proposed, unaccepted ways in subdivisions, pursuant to 23 M.R.S. § 3031. The complaint alleged that Henry/Center were causing flooding on the Halliday property, and raised several explanations for the flooding including the removal of trees by Henry/Center on their property which the Hallidays alleged had previously soaked up water, the swale on the Henry/Center property, the septic system, and the lack of drainage. Pl.'s 2015 Compl. 2, 4. The complaint alleged Henry/Center placed impediments, including the ditch, in the Hallidays' easement on the Henry/Center property blocking access to the Halliday property. *Id*. at 4. The complaint alleged Henry/Center were blocking the Hallidays from using a turnaround on the Henry/Center property. *Id*. The complaint also raises the issue, again, that their failure to oppose the motion for summary judgment on the 2013 complaint was due to a lack of notice of the motion. *Id*. at 3.

On October 5, 2015, Henry/Center filed a motion to dismiss the complaint as barred by res judicata. They argued that the Hallidays were seeking to sue over the same core set of facts as the first (2013) complaint, in specific the same water diversion issues as were made in the first (2013) action. Def.'s Mot. Dismiss 2015 Compl. 4-5. Henry/Center acknowledged the Hallidays potentially raised two new claims: (1)

perjury in the first action, and (2) the placement by Henry/Center of impediments in the Hallidays' easement. *Id*. 5. But, Henry/Center argued that both of these allegations could have been asserted in the first complaint, that all issues relating to property access were resolved in the 2010 real estate lawsuit, and that the perjury claim was frivolous. *Id*. 5-6. On October 9, 2015, the Hallidays responded that lies were made to the judge in the first action regarding the completion dates of the Henry/Center construction, that the impediments to their easement and turnaround included the split rail fence with stone posts, the swale, the drainage culvert (i.e., ditching), and four new gardens added by Henry/Center in the summer of 2015, and that the flooding on their property was due to the house, garage, and shed constructed by Henry/Center and the tree removal by Henry/Center. The Hallidays also referred to the contents of the 2011 Coffin engineering report and the 2012 attorney letter sent to Henry/Center. Pl.'s Response to Def.'s Mot. Dismiss 2015 Compl. 2, 4-7.

On February 8, 2016, the Center/Henry motion to dismiss was granted on the grounds that the Hallidays had advanced the same set of facts that formed the predicate to the first lawsuit, that the claims of perjury and blockage of the Hallidays' easement and turnaround were or could have been litigated in the prior case, and that the Hallidays did not plead their claims with particularity as required. *Halliday v. Center*, CV-15-0257, 2016 Me. Super. LEXIS 22, at *3-5 (Feb. 8, 2016). On February 23, 2016, the Hallidays filed a letter with the court which was interpreted as a motion to reconsider, in which they again disputed the date of completion of the Henry/Center construction, reiterated that they had not received notice of the Henry/Center motion on the 2013 action, and mentioned the ditching and split rail fence that they claimed were blocking their easement and turnaround. Pl.'s Mot. Reconsider J. on Pl.'s 2015 Compl. 3. The motion was denied on February 26, 2016.

On March 25, 2016, the Hallidays filed an appeal with the Maine Supreme Judicial Court regarding the 2010 real estate lawsuit, which was docketed as CUM-16-131. But, on May 31, 2016, an order was issued dismissing the appeal for want of prosecution because the Hallidays did not timely file a replacement brief and appendix as ordered. *Halliday v. Center*, No. CUM-16-131 (Me. May 31, 2016).

On August 3, 2016 the Hallidays filed, pro se, a complaint against Henry/Center, which they indicated was an initial complaint, alleging property negligence pursuant to 17 M.R.S. § 2808 and 23 M.R.S. § 3031, and seeking a money judgment. A typed letter from the Hallidays, which appears to be their complaint, alleges water damage to their home caused by Henry/Center and that there are impediments, including trees, a split rail fence with marble posts, and ditching blocking and narrowing their easement on the Henry/Center property. A hand-written letter was also filed with the court by the Hallidays, dated August 2016, in which they allege the same issue of flooding as a result of construction on the Henry/Center property as in the typed letter, allege lies in previous litigation, and allege a lack of notice of the Henry/Center summary judgment motion (presumably related to the 2013 complaint.)

Standard of Review

The Law Court has held that self-represented parties are subject to the same standards as represented parties, *Brown v. Thaler*, 2005 ME 75, ¶ 8, 880 A.2d 1113, and a pro se party is not entitled to any preferential treatment, *Gurschick v. Clark*, 511 A.2d 36, 36 (Me. 1986).

Maine Rule of Civil Procedure 8(a) requires a pleading which sets forth a claim for relief to contain a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief which the pleader seeks. M.R. Civ. P. 8(a). Claims for Relief. No technical forms of pleading or motions are

required, but each averment of a pleading must be simple, concise, and direct. M.R. Civ. P. 8(e)(1).

According to Maine Rule of Civil Procedure 10(a), every pleading must contain a caption setting forth the name of the court, the county in the Superior Court, the location of the District Court, the title of the action, the docket number, and a designation. M.R. Civ. P. 10(a). All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth. M.R. Civ. P. 10(b).

But, the Maine Rules of Civil Procedure must be construed to secure the just, speedy and inexpensive determination of every action. M.R. Civ. P. 1. At its discretion, a court may read technically flawed pleadings, even those pleadings of plaintiffs that "leave much to be desired and have opened the door to the procedural confusion," *see e.g.*, *Greenlaw v. Rodick*, 158 Me. 440, 441, 185 A.2d 895 (1962), to see if they could be interpreted as forming the basis for an action. *Id.* at 446. All pleadings must be construed as to do substantial justice, M.R. Civ. P. 8(f), where purpose of complaint is to provide a defendant with fair notice of the claim against him, *Smith ex rel. Kate L. v. Hawthorne*, 2002 ME 149, ¶ 11, 804 A.2d 1133.

The pleadings are expected to merely frame the issues in broad general terms and show for the record what has been litigated for the purposes of res judicata. Harvey, *Maine Practice Series: Maine Civil Practice Volume 2* § 8:1 at 353-354 (2011). The pleader is not required to plead his legal theory in any particular form, but in fairness to

the opposing party, the pleading must indicate a theory in general terms. *Id.* § 8:2 at 357. And, the Law Court has been consistent in construing the pleadings in favor of the pleader in the interests of substantial justice *Id.* § 8:2 at 359. *See e.g., Uotinen v Hall,* 636 A.2d 991, 992 (Me. 1994) (where defendants are put on notice of the claim against them, the failure to separately number paragraphs is an insufficient ground to justify dismissal.)

Maine Rule of Civil Procedure 15(a) allows a party to amend their pleading by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires. M.R. Civ. P. 15(a). Maine Rule of Civil Procedure 15(b) permits a party, upon reasonable notice and upon such terms as are just, to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. M.R. Civ. P. 15(b).

The doctrine of res judicata prevents a party from bringing any claim in a subsequent action that could have been brought in the original action. *Norton v. Town of Long Island,* 2005 ME 109, ¶ 17, 883 A.2d 889; *Sebra v. Wentworth,* 2010 ME 21, ¶¶ 11-12, 990 A.2d 538. Therefore, if (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action, res judicata operates to bar the claim. *Penkul v. Matarazzo,* 2009 ME 113, ¶ 7, 983 A.2d 375 (quotation marks omitted). To determine whether a claim is precluded, courts apply a transactional test, examining the aggregate of connected operative facts that can be handled together conveniently for purposes of trial to determine if they were founded upon the same transaction, arose out of the same nucleus of operative

facts, and sought redress for essentially the same basic wrong. *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 8, 940 A.2d 1097 (quotation marks omitted). Res judicata applies even where the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, or involves evidence different from the evidence relevant to the first case. *St. John v. Jordan*, 2008 ME 68, ¶ 5, 945 A.2d 1232 (quotation marks omitted); *Sebra v. Wentworth*, 2010 ME 21, ¶ 13, 990 A.2d 538. For example, in *Macomber v. Macquinn-Tweedie*, the Court found that res judicata applied to bar an action where the claim of an easement by necessity over a driveway could have been presented and decided in the prior litigation, where the same strip of land that was the subject of the prior easement dispute was the subject of the current trespass claim, where the party did not offer any evidence that was not available to them during the prior litigation, where the new complaint required interpretation of the same deed as the previous complaint, and where the party sought redress for essentially the same basic wrong as the prior litigation. *Macomber v. Macquinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131. The third prong of res judicata focuses on factual issues, not claims, and asks whether a party had a fair opportunity and incentive in an earlier proceeding to present the same issue or issues it wishes to litigate again in a subsequent proceeding. *Sebra v. Wentworth*, 2010 ME 21, ¶ 13, 990 A.2d 538, 543; *Norton v. Town of Long Island*, 2005 ME 109, ¶ 18, 883 A.2d 889. In other words, a newly pleaded claim is precluded even if the latest suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, or involves evidence different from the evidence relevant to the first case. *Currier v. Cyr*, 570 A.2d 1205, 1209 (Me. 1990).

Maine law recognizes a damages claim for a private nuisance, where any person is injured in his comfort, property or the enjoyment of his. 17 M.R.S.A § 2701. And, as

long as the nuisance continues unabated, a plaintiff may bring successive actions for damages throughout its continuance, with the statute of limitations providing no bar since the tort is ongoing. *Pettengill v. Turo*, 159 Me. 350, 356-57, 193 A.2d 367 (1963). A continuing nuisance is a nuisance not of such a permanent nature that it cannot readily be removed and thus abated. *Caron v. Margolin*, 128 Me. 339, 341, 147 A. 419 (1929). For example, in *Murray v. Bath Iron Works Corp.*, the Court stated that Maine's statute of limitations on civil actions, 14 M.R.S.A. § 752, did not bar a claim where a plaintiff could show that hazardous wastes that had entered from a neighboring property continued to be present on their land, regardless of when they entered, since that tort would be continually occurring for statute of limitations purposes. *Murray v. Bath Iron Works Corp.*, 867 F. Supp. 33, 48 (D. Me. 1994). In *Caron v. Margolin*, the Court stated that the addition of a one-story high wooden structure in front of the building extending to the street line was clearly of the nature of a continuing nuisance, as it could be readily removed and the building restored to its former condition. *Caron v. Margolin*, 128 Me. 339, 341, 147 A. 419 (1929).

III. Discussion

Reviewing the most recent complaint filed by the Hallidays with the same standards that would be applied for a represented plaintiff, the complaint complies by-in-large with Maine Rule of Civil Procedure 8(a) in that the Hallidays claim straightforwardly that they are entitled to relief because their home is allegedly being damaged by improper runoff from the Henry/Center property and their easement is being blocked. The relief they seek includes that the surface water from the Henry/Center property be redirected and that the named impediments to their easement (trees, fence, and ditching) be removed.

The caption of the complaint has small technical deficiencies with respect to the requirements of Maine Rule of Civil Procedure 10(a) because it does not contain the docket number and a designation. M.R. Civ. P. 10(a). But in the spirit of Maine Rule of Civil Procedure 1 to provide the Hallidays with a just, speedy and inexpensive determination of their action, this court will interpret the Hallidays' filing to be a valid complaint. M.R. Civ. P. 1. The complaint provides Henry/Center with sufficient notice of the claims against them. And, the Hallidays' legal theory of relief is described in sufficient detail, including the actions that allegedly have harmed them, the harms they allege to have sustained, and the remediation they seek from Henry/Center, to provide this court with enough to compare this complaint with what has been previously litigated for the purposes of res judicata.

Applying the three prongs of the res judicata standard, first, the Hallidays are suing the same party that they sued in 2013 and 2015, and the same party that sued them in the 2010 real estate case. Second, valid final judgments were entered in the prior actions: the 2010 case resulted in a stipulated judgment, the 2013 case determined that the Hallidays' claim was barred by the statute of limitations, and the 2015 case was dismissed on the ground of res judicata. And third, the Hallidays' complaint presents the same facts, harms, and legal theories that were, or might have been litigated in the previous actions. The surface water runoff to which the Hallidays refer in the current complaint that they allege is resulting from the Henry/Center house and garage formed the central basis for their 2013 complaint, and the dates the Hallidays allege here that these structures were completed, 2009 and 2010, respectively, predate the 2013 complaint. If they had evidence to support these completion dates, they could have made allegations to this effect in a response to the Henry/Center motion for summary judgment, and potentially avoided the statute of limitations bar that terminated their

2013 action. But here, the Hallidays do not allege any new construction by Henry/Center that is causing new or different runoff problems.

As for impediments to their easement, the split rail fence and ditching was mentioned in the 2012 letter sent to Henry/Center by the Hallidays' attorney. Therefore, this issue could have been raised in the 2013 or 2015 complaints. The Hallidays specifically mention the split rail fence with stone posts in their response to the Henry/Center motion to dismiss the 2015 complaint. Although the Hallidays did not allege any harm from the fencing and posts in the 2015 complaint, the response suggests that the fence and posts did exist at the time or shortly after their action was filed, meaning the Hallidays could have amended or supplemented their original complaint.

The statutes on which the Hallidays base their current complaint are the same as those on which they relied in the previous claims. Alleged violations of 17 M.R.S.A. § 2808 by Henry/Center were raised in the 2013 and 2015 complaints. Alleged violations of 23 M.R.S. § 3031 by Henry/Center were raised in the 2015 complaint.

A generous reading of the Halliday complaint could suggest a cause of action based on the doctrine of continuous nuisance. It would be difficult to argue that the Henry/Center house and garage are not of such a permanent nature that they could readily be removed, and as such are unlikely to qualify as a continuing nuisance. But, the trees, fencing, and ditching that are allegedly blocking part of the Hallidays' easement could arguably be readily removed. Hence, these features may qualify as a continuing nuisance under the eyes of the law such that the Hallidays could have brought successive actions for damages throughout their continued presence, with the statute of limitations providing no bar. However, res judicata precludes both claims that were or could have been raised in previous litigation. Given that the trees, fencing, and

ditching were all introduced to the Henry/Center property prior to or coincident with the prior litigation between the same parties, the Halidays could have raised a claim of continuing nuisance in their previous filings against Henry/Center. The Halidays make no allegations of new impediments in their easements in the current complaint before this court. And, the Court, in affirming the trial court's decision on the 2013 complaint, noted expressly that the Hallidays could have raised an action for continuing nuisance, but had failed to do so.

Finally, as for the hand-written letter that accompanied the complaint, the issue of alleged lies was litigated and decided by the trial court in the 2015 case. And the Court addressed the Hallidays' alleged lack of notice of the Henry/Center motion for summary judgment in their review of the 2013 case. The Court noted that the Hallidays made no argument before the trial court regarding the failure of notice, nor did they seek reconsideration of the summary judgment or otherwise seek relief from the judgment pursuant to M.R. Civ. P. 60(b), which would have allowed the Superior Court to evaluate and remedy any failure of notice. *Halliday v. Henry*, 2015 ME 61, ¶ 10 n.4, 116 A.3d 1270.

Therefore, in the current action before the court, res judicata operates to bar the Hallidays' claim.

IV. Conclusion

The Plaintiff Hallidays' complaint against Henry/Center for property negligence is dismissed.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 12/6/16

Lance Walker
Justice, Superior Court