Plaintiffs-SRL (Pro Se)
Defendants-Not served, no appearances yet

MC ✓

STATE OF MAINE
CUMBERLAND, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-001

MALCOLM HALLIDAY and
INGIGERDUR HALLIDAY,

    Plaintiffs

v.

ORDER

KATHRYN HENRY and
ROBERT CENTER,

    Defendants

STATE OF MAINE
Cumberland. ss. Clerk's Office

JAN 1 2 2017

RECEIVED

Before the court is plaintiffs Malcolm and Ingigerdur Halliday's fifth complaint against defendants Kathryn Henry and Robert Center. For the following reasons, the court orders that defendants are not required to file an answer to the complaint and no scheduling order will issue. The court, on its own initiative, will schedule this case for a hearing on sanctions pursuant to Rule 11(a). M.R. Civ. P. 11(a). The hearing will be scheduled when the Hallidays return to Maine in spring 2017. All proceedings in this case are stayed pending a decision from the court after that hearing.

BACKGROUND

The parties have been involved in litigation with one another since 2010. In RE-10-317, Ms. Henry and Mr. Center filed a complaint against the Hallidays on July 16, 2010. Ms. Henry and Mr. Center alleged trespass and sought declaratory judgments establishing the boundaries between the parties' properties and the scope of their respective easements. On April 29, 2011, the parties entered into a stipulated judgment permanently enjoining the Hallidays from parking or storing anything on their easement across Ms. Henry and Mr. Center's property, from

1

trespassing onto Ms. Henry and Mr. Center's property, and from interfering with Ms. Henry and Mr. Center's use of their easement across the Hallidays' property.

On June 27, 2013, the Hallidays filed a complaint against Ms. Henry and Mr. Center in CV-13-275. The Hallidays alleged that construction on Ms. Henry and Mr. Center's property had diverted runoff water onto the Hallidays' property. On August 12, 2014, the court (Wheeler, J.) granted Ms. Henry and Mr. Center's motion for summary judgment on the ground that the Hallidays' action was barred by either the three-year statute of limitations for statutory nuisance or the six-year statute of limitations for common law nuisance. The summary judgment record established that Ms. Henry and Mr. Center had completed construction in 2004, and that the Hallidays were aware of the runoff problem by the summer of 2005 at the latest. The Law Court affirmed the entry of summary judgment. Halliday v. Henry, 2015 ME 61, ¶ 1, 116 A.3d 1270.

On June 8, 2015, the Hallidays filed a second complaint against Ms. Henry and Mr. Center in CV-15-257. The Hallidays alleged one count of statutory nuisance, based again on the alleged water diversion to their property, and one count under Maine's Paper Streets Act. The Hallidays further alleged that Ms. Henry, Mr. Center their attorneys, and Justice Wheeler committed perjury in CV-13-275. The Hallidays alleged, as they do in this fifth complaint, that the 2004 date of construction was false. On February 8, 2016, the court (Walker, J.) dismissed the action on the ground that the complaint advanced the same set of facts as the complaint in CV-13-275 and, therefore, was barred by res judicata. The court further held that, to the extent the complaint included additional allegations from 2012, the Hallidays could have presented those allegations in CV-13-275. In addition, the Hallidays' perjury claims were not pleaded with sufficient particularity. On May 31, 2016, the Law Court dismissed the Hallidays' appeal for want of prosecution.

2

On July 19, 2016, the Hallidays filed a small claims complaint against Ms. Henry and Mr. Center in West Bath District Court in SC-16-215. The Hallidays disputed the easement, boundary, and parking issues that were settled in the 2011 stipulated judgment in RE-10-317. The court dismissed the action with prejudice on August 16, 2016.

On September 21, 2016, Ms. Henry and Mr. Center filed a complaint against the Hallidays in CV-16-367. Ms. Henry and Mr. Center sought injunctive relief in the form of an order preventing the Hallidays from filing any additional complaints without first demonstrating a prima facie cause of action that is not barred by res judicata. See Spickler v. Key Bank of S. Me., 618 A.2d 204, 207 (Me. 1992). On December 21, 2016, Ms. Henry and Mr. Center filed a motion for summary judgment, which remains pending. On January 3, 2017, the Hallidays filed a letter in response to the motion but have not opposed the motion pursuant to Rule 56(h).

On November 9, 2016, the Hallidays filed a fourth complaint against Ms. Henry and Mr. Center in CV-16-436. In the complaint, the Hallidays reiterated their allegations that construction on Ms. Henry and Mr. Center's property had diverted runoff water onto the Hallidays' property. The Hallidays further alleged that Christmas trees, a fence, and a ditch were obstructing their easement across Ms. Henry and Mr. Center's property. On December 7, 2016, the court (Walker, J.) dismissed the action on res judicata grounds because the complaint advanced the same set of facts as the complaints in CV-13-275 and CV-15-257. Although the issue regarding alleged impediments on the Hallidays' easement was not raised in the prior complaints, the court held the issue could have been raised because the alleged impediments existed as early as 2012.

On November 10, 2016, after hearing on a motion for contempt filed by Ms. Henry and Mr. Center in RE-10-317, the court (Mills, J.) found Malcolm Halliday in contempt of the terms

of the 2011 stipulated judgment. In the decision, the court noted that "[a]t the hearing on the motion for contempt and in their filings, defendants continued to complain at length about the alleged runoff water from plaintiffs' property . . . Defendants' refusal to accept the determination of three courts that their allegations of runoff water from plaintiffs' property are not actionable reflects disrespect for the court." (11/10/16 Order 6, 8.)

Notwithstanding, and subsequent to, the court's discussion in the November 10, 2016 order, the Hallidays filed a fifth complaint against Ms. Henry and Mr. Center on December 30, 2016 in CV-17-001. The Hallidays recite the same allegations as in their prior complaints regarding the alleged diversion of surface water from Ms. Henry and Mr. Center's property to the Hallidays' property, and that Ms. Henry has committed perjury.

DISCUSSION

Given the Hallidays' pattern of redundant and frivolous litigation, Ms. Henry and Mr. Center are not required to file an answer to the Hallidays' complaint in CV-17-01. M.R. Civ. P. 12(a). No scheduling order will issue. The court, on its own initiative, will schedule this case for a hearing on sanctions pursuant to Rule 11(a). M.R. Civ. P. 11(a). The hearing will be scheduled when the Hallidays return to Maine in spring 2017. All proceedings in this case are stayed pending a decision from the court after that hearing.

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

Date:   January 12, 2017

Nancy Mills
Justice, Superior Court

4