STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO: PORSC-RE-2019-73

PETER E. RODWAY
AND
MAURA H. RODWAY,

   Plaintiffs,

  v.

WEBER WAY LLC,

   Defendant

AND

SACO AND BIDDEFORD SAVINGS
INSTITUTION
JOSEPH L. SOLEY
FREEDOM HOUSE, LLC

   PARTIES IN INTEREST

)
)
)
)
)
)
)
)
)
)
)

**ORDER ON PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

REC'D CUM CLERK C
SEP 29 '20 PM 12'05

Before the Court is Plaintiffs' Motion for Summary Judgment. For the following reasons, Plaintiffs' Motion is denied.

## I. Background

This is a nuisance action involving an alleged encroachment on the Plaintiffs' right of way over the Defendant's land. The parties dispute whether the alleged nuisance should be considered "continuous" or "permanent." This Court has previously denied the Defendants' Motion for Summary Judgment on the grounds that a genuine issue of material fact existed on this issue. After considering the Plaintiffs' Motion for Summary Judgment, this Court finds that the same genuine issue of material fact exists and the Plaintiffs' Motion should therefore be denied.

## II. Facts

Defendant, Webber Way LLC, is the owner of a building that the Plaintiffs allege encourages, in part, upon the Plaintiffs' right of way over the Defendant's property. (Pl.'s Compl.

| For Plaintiffs: Peter Rodway, Esq. and Maura H. Horodyski, Esq. | Page 1 of 4 | For Defendant and PII Joseph Soley: Richard Olson, Esq. and Jason Theobald |

For PII Saco & Biddeford Savings: William Kany, Esq.

¶¶ 59-70.) The Plaintiffs allege that the encroachment constitutes a statutory and common law nuisance. (Pl.'s Compl. ¶¶ 69-99.) The encroachment alleged has existed since at least 1996. (Pl.'s Mot. Sum Judg. at 3.) The Plaintiffs have provided credible testimony that it will cost approximately $35,000 to remove and repair the structure. (Pl.'s Mot. Sum Judg. at 4.)

### III. Summary Judgment

Summary judgment is granted to a moving party when "there is no genuine issue of material fact" and the moving party "is entitled to judgment as a matter of law." M. R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case[.]" *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). There is a genuine issue of fact "when there is sufficient evidence for a fact finder to choose between competing versions of the fact." *Id.*

On summary judgment, the court considers specific facts and any reasonable inferences that may be drawn from the facts. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18. The nonmoving party benefits from all "favorable inferences that may be drawn from the facts presented." *Id.* (quotation omitted). "When facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." *Id.*

### IV. Discussion

The parties still dispute whether the alleged nuisance is a continuing or permanent nuisance because a permanent nuisance carries a six-year statute of limitations but a continuing nuisance does not. 14 M.R.S. § 752; *Jacques v. Pioneer Plastics, Inc.*, 676 A.2d 504, 506 (Me. 1996) (holding that a continuing nuisance constitutes a new injury each day that the nuisance exists). The Law Court has defined a continuing nuisance as one that "is not of such a permanent nature that it cannot readily be removed and thus abated." *Jacques*, 676 A.2d at 507 (quoting *Caron v.*

*Margolin*, 147 A. 419 (Me. 1929)). Whether an alleged nuisance is abatable is "the deciding factor in [the] determination of whether a nuisance . . . is continuous or permanent." *Id.* Abatability is a question of fact. *Id.* This court has previously ruled on this issue in the Defendant's Motion for Summary Judgment, stating:

> "The Plaintiffs provide a credible opinion that the abatement of these structures will cost approximately $30,000 - $35,000. When considering the facts and reasonable inferences therefrom, in a light most favorable to the non-moving party, one fact finder may deem these costs and the labor associated with the removal of the structures to be reasonable and, therefore, the nuisance to be 'readily abatable'; whereas another may reasonably conclude these structures are not readily abatable. It is this issue of material fact that prevents the court from granting the Defendant's motion."

(Order on Def.'s Mot. Sum Judg. at 5.)

The Plaintiffs attempt to overcome this prior ruling by arguing that "the cost to remove and remedy the nuisance is marginal with relation to the value of the property." (Pl.'s Mot. Sum. Judg. at 9.) At deposition, the Defendant LLC's sole member, Joseph Soley, estimated the value of the property upon which the encroaching building is located to be approximately $700,000. (Soley Dep. pg 74, ¶¶ 12-20.) The Plaintiffs argue that because the cost to remove and repair the encroaching building would be insignificant in relation to the value of the property, there is no longer a genuine issue of material fact regarding whether the alleged nuisance is abatable. (Pl.'s Mot. Sum. Judg. at 9.) However, the Plaintiffs' have not cited any authority to suggest that this value/cost matrix is dispositive on the issue of abatability as a matter of law.

Here, the Plaintiffs' argument fails to overcome this Court's prior ruling because reasonable jurors can still interpret the Plaintiffs' own cost estimate differently. Although Soley's testimony and deposition will certainly be of great importance should this matter go to trial, there remains a genuine factual dispute regarding whether it would be feasible to remove the structure at issue. Furthermore, the Court cannot rule as a matter of law that abatability is determined by calculating the value of property in relation to how much it might cost to remove an alleged nuisance. As such, there remains a genuine issue of material fact here because reasonable jurors can still differ as to whether the alleged nuisance is abatable.

## V. Conclusion

Whether the nuisance alleged by the Plaintiffs is permanent or continuous is of critical importance here. Abatability is crucial to this determination and is a question of fact. *Jacques* 676 A.2d at 507-06. Because reasonable jurors could differ on whether the alleged nuisance is abatable, the Plaintiffs' Motion for Summary Judgment cannot be granted.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 9/28/2020

MaryGay Kennedy, Justice
Maine Superior Court

PETER E. RODWAY
AND
MAURA H. RODWAY,

          Plaintiffs,

    v.

WEBER WAY LLC,

        Defendant

AND

SACO AND BIDDEFORD SAVINGS
INSTITUTION
JOSEPH L. SOLEY
FREEDOM HOUSE, LLC

        PARTIES IN INTEREST

)
)
)
)
)
)
)
)
)
)
)

ORDER ON PLAINTIFFS'
MOTION IN LIMINE RE: EXPERT
TESTIMONY OF JOSEPH
SOLEY

RECD CUMB CLERK O
SEP 29 '20 PM 12:05

Before the Court is Plaintiffs' Motion in Limine Re: Expert Testimony of Joseph Soley.

For the following reasons, Plaintiffs' Motion is granted.

## I.    Background

This is a nuisance action involving the Plaintiffs' right of way over the Defendant's

property. This Court has previously stated that "the essential fact in determining the character of

a nuisance is abatability" and that whether a structure is abatable depends on, among other things,

"the lengths one must go to remove the structure[.]" (Order on Def. Mot. Sum. Judg. at 1, 4). The

Defendant has proffered Joseph L. Soley ("Soley") as an expert to testify on the issue abatability

and the Plaintiffs have filed this Motion in Limine in response.

## II.    Facts

Defendant, Webber Way LLC, is the owner of a building that the Plaintiffs allege

encroaches, in part, upon the Plaintiffs' right of way over the Defendant's property. (Pl.'s Compl.

For Plaintiffs: Peter Rodway, Esq. and
Maura H. Horodyski, Esq.

Page 1 of 5

For Defendant and PII Joseph Soley: Richard Olson, Esq.
and Jason Theobald

For PII Saco & Biddeford Savings: William Kany, Esq.

¶¶ 59-70.) The Plaintiffs claim that the encroachment constitutes a statutory and common law nuisance. (Pl.'s Compl. ¶¶ 69-99.)

### A. Joseph Soley

Soley is the sole member of the Defendant LLC. (Def. Des. Of Exp. Wit. at 2.) Soley has been engaged in building and construction for over fifty years. (*Id.*) Soley is a graduate of Massachusetts Institute of Technology, with a master's degree in architecture and city planning. (*Id.* at 3.) The Defendant has proffered that Soley will testify:

> "it would be both impracticable and costly to remove certain building structures or portions thereof existing at the subject property and that such removal would cause extensive damage to the remaining portions of the structures not alleged to be in the right-of-way. Mr. Soley will testify that the cost for removal of buildings and repair to remaining portions of the structures is approximately $55,000-$60,000 and that they are not reasonably removable."

(*Id.*)

Soley was deposed by Plaintiffs' counsel on January 21, 2020. Soley was asked multiple times to state how many building and demolition projects he has been a part of. (Soley Dep. 28, 29, 30, 40, 41.) Soley never gave a numeric answer or estimate, but answered "many dozens," "I don't know," or "I don't remember" at various intervals. (*Id.*) Soley was asked multiple times to provide the basis upon which he concluded that tearing down and repairing the encroaching structure would cost between $50,000 and $60,000. (Soley Dep. 49, 50, 55, 56, 57, 58, 68, 69, 70, 73, 79.) Soley did not give a numeric answer, stating only that his estimates are based upon his

experience. (*Id.*) Soley was unable to form an opinion regarding how much damage the structure would sustain if he was forced to remove the alleged encroachment. (Soley Dep. 56, 68, 69, 70).

### III.    Discussion

Maine Rule of Evidence 702 provides that "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, training, or education, may testify thereto in the form of opinion or otherwise." M. R. Civ. P. 702. Maine employs a two-part test to determine the admissibility of expert testimony.[1] However, "[b]efore engaging in this two-prong inquiry, the trial court must make a preliminary finding that the testimony meets a threshold level of reliability." *State v. Bickart*, 2009 ME 7, ¶ 14, 963 A.2d 183. The Law Court has routinely excluded testimony in cases where an expert's testimony is not narrowly tailored to the facts of the case. *See e.g. State v. Burbank*, 2019 ME 37, ¶ 15, 204 A.3d 851 (holding that it was within the trial court's discretion to exclude expert testimony that was "so general as to lack reliability"); *State v. Rourke*, 2017 ME 10, ¶ 14, 154 A.3d 127; *In re Sara C.*, 2004 ME 152, ¶ 13, 864 A.2d 162 (holding that it was improper to admit testimony of an otherwise qualified expert when his testimony amounted to an "unsupported assertion").

Here, Soley's proffered testimony is not tailored to the facts of the case and therefore fails to meet the threshold level of reliability. In his deposition, Soley was asked to explain the basis upon which he concluded that it would cost between $55,000-$60,000 to remove and repair the structure at issue. Soley did not provide any specific explanation, stating only that his estimates are based on his experience. Further, Soley was unable to form an opinion as to how much damage the structure would sustain if he was forced to remove the alleged encroachment. Because Soley

---

[1] (1) is the testimony relevant under Rule 401; and (2) will the testimony assist the trier in fact in understanding the evidence or determining a fact in issue? *Searles v. Fleetwood Homes of Pa., Inc.*, 2005 ME 94, ¶ 21, 878 A.2d 509.

cannot provide a reliable basis upon which his opinion is based, Soley's testimony is not narrowly tailored to the facts of this case. Therefore, Soley cannot be qualified as an expert or give an opinion regarding the cost or impracticability of removing the encroaching building because his testimony fails to meet the threshold level of reliability.

Additionally, the Defendant's reliance on the Law Court's "generally accepted" doctrine is misplaced. The Law Court has stated that "where expert testimony rests on newly ascertained, or applied, *scientific principles*, a trial court may consider whether the scientific matters involved in the proffered testimony have been generally accepted . . . in determining whether the threshold level of reliability has been met" but "general acceptance is not a prerequisite[.]" *Searles*, 2005 ME 94, ¶ 22, 878 A.2d 509; quoting *State v. Williams*, 388 A.2d 500, 504 (Me. 1978). The Law Court's "general acceptance" doctrine applies specifically to scientific expert testimony. It would be enigmatic to apply this doctrine here because Soley's testimony concerns only whether it would be feasible to remove a residential structure. The cost of residential demolition and construction is not subject to changing scientific principles or divergent explanatory theories. As such, there are no scientific or theoretical frameworks upon which this court could apply the Law Court's "generally accepted" doctrine.

Despite the forgoing, this ruling does not disrupt Soley's status as a fact witness who may testify as the owner of the subject property.

## IV. Conclusion

Plaintiffs' Motion in Limine to exclude testimony of Joseph Soley is GRANTED to the extent that Soley will not be permitted to testify as an expert witness, and is DENIED as to Soley's testimony as a fact witness.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___9/28/2020___

_____
MaryGay Kennedy, Justice
Maine Superior Court

PETER E. RODWAY                  )
AND                           )
MAURA H. RODWAY,            )
                               )
        Plaintiffs,         )
                             )
      v.                     )
                             )
WEBER WAY LLC,              )

        Defendant.

AND

SACO AND BIDDEFORD SAVINGS
INSTITUTION
JOSEPH L. SOLEY
FREEDOM HOUSE, LLC

**ORDER ON PLAINTIFFS'
MOTION IN LIMINE RE: EXPERT
TESTIMONY OF DAVID BANKS**

RECEIVED & ENTERED
SEP 29 '2? ~ 12:45

### PARTIES IN INTEREST

Before the Court is Plaintiffs' Motion in Limine Re: Expert Testimony of David Banks. For the following reasons, Plaintiffs' Motion is denied.

## I.    Background

This is a nuisance action involving an alleged encroachment on the Plaintiffs' deeded right of way over the Defendant's land. Reduction in property value is necessary to prove a nuisance claim. The Defendant has proffered David Banks ("Banks") as an expert to testify that the alleged encroachment has no impact on the value or marketability of Plaintiffs' property. The Plaintiffs argue that Banks cannot be qualified as an expert pursuant to 32 M.R.S. § 14001 et seq. because Banks is not a licensed real estate appraiser and he is being asked appraise real estate owned by someone who is not Banks' client.

## II.    Facts

For Plaintiffs: Peter Rodway, Esq. and
Maura H. Horodyski, Esq.

For Defendant and PII Joseph Soley: Richard Olson, Esq.
and Jason Theobald

For PII Saco & Biddeford Savings: William Kany, Esq.

Defendant, Webber Way LLC, is the owner of a building that the Plaintiffs allege encroaches, in part, upon the Plaintiffs' deeded right of way over the Defendant's property. (Pl.'s Compl. ¶¶ 59-70.) The right of way provides the Plaintiffs with access to the waterfront and is intended for pedestrian use. (Def.'s Opp to Pl.'s Mot. in Limine at 1.) The Plaintiffs claim that the encroachment constitutes a statutory and common law nuisance. (Pl.'s Compl. ¶¶ 69-99.)

### A. David Banks

Banks is a licensed real estate broker with more than thirty-five years of experience. (Def. Des. of Exp. Wit. at 1.) Banks has marketed and sold properties on behalf of both buyers and sellers in the Freeport area for more than thirty years. (Def. Des. of Exp. Wit. at 2.) The Defendant proffers that many of these sales included properties with various easement rights to the shoreline and that Banks is familiar with the degree to which disclosure of an encroachment might affect the marketability of property. (*Id.*) Banks also served as the listing broker for the encumbered property for a previous owner. (Def.'s Opp to Pl.'s Motion in Limine at 7.) Specifically, Banks will testify that he is familiar with both the dominant and servient estates at issue and that "even if buildings encroach as alleged . . . such an encroachment has no material impact on the fair market value of the [Plaintiffs'] property and/or its marketability." (Def. Des. of Exp. Wit. at 2-3.)

### III.    Legal Standard

Maine Rule of Evidence 702 provides that "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, training, or education, may testify thereto in the form of opinion or otherwise." M. R. Civ. P. 702. Maine employs a two-part test to determine the admissibility of expert testimony: (1) is the testimony relevant under Rule of Evidence 401; and (2) will the testimony assist the trier of fact in understanding the evidence or determining a

fact in issue? *Searles v. Fleetwood Homes of Pa., Inc.*, 2005 ME 94, ¶ 21, 878 A.2d 509. However, "[b]efore engaging in this two-prong inquiry, the trial court must make a preliminary finding that the testimony meets a threshold level of reliability." *State v. Bickart*, 2009 ME 7, ¶ 14, 963 A.2d 183.

## IV. Discussion

The Plaintiffs argue that Banks' testimony is inadmissible pursuant to 32 M.R.S. § 14001 et seq. as a matter of law. Under this statute, "it is unlawful for a person to prepare, for a fee or other valuable consideration, an appraisal[1] or appraisal report[2] relating to real estate or real property ... without first obtaining a real estate appraisal license." 32 M.R.S. § 14003. This prohibition does not apply to licensed real estate brokers (referred to herein as the "real estate broker exception"). 32 M.R.S. § 14004(2). But, "[a]ny opinion or appraisal of market value rendered under [section 14004] must contain the following information in bold print in a prominent location:

> 'This opinion or appraisal was prepared solely for the client, for the
>
> purpose and function stated in this report and is not intended for
>
> subsequent use. It was not prepared by a licensed or certified
>
> appraiser and may not comply with the uniform standards of
>
> professional appraisal practice.'"

32 M.R.S. § 14004.

The Plaintiffs acknowledge that Banks' real estate broker license allows him to "render appraisals or opinions of market value to his clients[.]" (Pl.'s Mot. in Limine at 4.) However, the Plaintiffs limit their interpretation of the word "client," as such is used in the statute, to mean only

---

[1] Defined by statute as ". . . an analysis, opinion or conclusion, prepared by a real estate appraiser related to the nature, quality, value or utility of specified interests in, or aspects of, identified real property." 32 M.R.S. § 14002(1).
[2] Defined by statute as "any written or oral communication of an appraisal." 32 M.R.S. § 14002(4).

those individuals who own the property being appraised. (Pl.'s Mot. in Limine at 4, Pl.'s Reply to Def.'s Opp. to Pl.'s Mot. in Limine at 3.) Under this interpretation, Banks would be prohibited from testifying here because he is being asked to appraise property owned by someone other than his client. The Defendant offers two arguments to rebut this: (1) that Banks' testimony is not an "appraisal" as contemplated by the statute because he is only offering his opinion as to whether the alleged encroachment alone would impact the value of Plaintiffs' property; and (2) even if Banks' testimony is considered an appraisal under the statute, Banks is permitted to testify under the real estate broker exception.

### A. Definition of Appraisal

Under the statute, an appraisal is "an analysis, opinion, or conclusion . . . related to the nature, quality, value or utility of specified interest in, or aspects of, identified real property." 32 M.R.S. § 14002(1).

The definition of "appraisal" is broad and requires only that an analysis be *related* to the nature or value of identified real property for that analysis to be governed by the statute. Here, Banks is being asked to give an opinion on whether the marketability of Plaintiffs' identified real property is affected by the alleged encroachment. At a minimum, Banks' opinion is necessarily *related* to the value and nature of real property. As such, Banks' testimony is an appraisal subject to the limitations of 32 M.R.S. §§ 14003 -14004.

### B. Real Estate Broker Exception

The Law Court has never addressed whether the real estate broker exception includes appraisals of property owned by someone other than the broker's client. Importantly, the term "client" is not defined in the statute. *See e.g.* 32 M.R.S. § 14002. When a statute fails to define a term at issue, the court must give that term its "plain and ordinary meaning" and assumes that

"the Legislature intended the well-established meaning of a well-known term." *Dickau v. Vt Mut. Ins. Co.*, 2014 ME 158, ¶ 22, 107 A.3d 621; *Dubois v. Madison Paper Co.*, 2002 ME 1, 13, 795 A.2d 696.

Both Plaintiffs and Defendant cite the analogous case *City of Augusta v. Attorney General* in support of their arguments. 2008 ME 51, 943 A.2d 582. In *City of Augusta*, the intervenor argued that it was improper for the trial court to consider a real estate broker's opinion regarding the value of property because the broker was not a certified appraiser and thus "not qualified to offer his opinion regarding the value of the property[.]" *City of Augusta*, 2008 ME 51, ¶ 22, 943 A.2d 582. The broker at issue was hired by the city and testified about the value of property owned by the city. *City of Augusta*, 2008 ME 51, ¶ 8 at note 8, 943 A.2d 582. Although the court did not consider sections 14003 and 14004 in its ruling, the court held generally that "a real estate agent in Augusta with twenty-eight years of experience is qualified to provide an opinion of the value of the property." *City of Augusta*, 2008 ME 51, ¶ 26, 943 A.2d 582.

The parties differ on how this Court should interpret *City of Augusta*. The Defendant argues that on its face, *City of Augusta* "rejects the notion that only a licensed appraiser may act as an expert witness as to the valuation of real estate." (Def.'s Opp to Pl.'s Mot. in Limine at 5.) In contrast, the Plaintiffs argue that *City of Augusta* is distinguishable because the broker in *City of Augusta* appraised property owned by the broker's client. (Pl.'s Reply to Def.'s Opp. to Pl.'s Mot. in Limine at 3.) Plaintiffs correctly point out that no case has yet to hold that the real estate broker exception applies to appraisals of property owned by someone other than the broker's client.⁹ (Pl.'s Reply to Def.'s Opp. to Pl.'s Mot. in Limine at 4.)

---

⁹ *See e.g. Marchesseault v. Jackson*, 611 A.2d 95 (Me. 1992); *Casco Bank & Trust v. Smith*, 1983 Me. Super Lexis 211

The term "client" does not actually appear in section 14004(2)'s real estate broker exception. Instead, the word "client" is found only in the prescribed disclaimer that must accompany a broker's written evaluation. The disclaimer itself makes no indication that the term "client" is equated to "property owner." The statute requires only that a real estate broker's appraisal include the disclaimer: "[t]his opinion or appraisal was prepared solely for the client[.]" 32 M.R.S. § 14004. The court is not persuaded by Plaintiffs' reading of the declaimer language. Accordingly, the court concludes that Banks' testimony is not prohibited by section 14004 because Banks is a licensed real estate broker being asked to offer an appraisal for his client.*

**Reliability**

Despite this ruling, Banks' testimony must still meet a threshold level of reliability to be admissible. *Bickart*, 2009 ME 7, ¶ 14, 963 A.2d 183.

Here, the fact that Banks is being asked to appraise property owned by someone other than his client does provide some challenge to the reliability of Banks' appraisal. However, Banks was the listing broker for the encumbered property when it was purchased by the Defendant and he has personal knowledge of the Plaintiffs' right of way and the alleged encroachment. Moreover, the basis for Plaintiffs' nuisance claim arises solely from conditions found upon the Defendant's property. Banks' testimony is therefore reliable because it is limited to those conditions found on the encumbered property and whether those conditions alone would impact the marketability of the dominant estate. Further, Banks has more than thirty years of experience in the Falmouth real estate market and has brokered many real estate transactions that included easement rights to shoreline. Combined, Banks' experience and familiarity with the alleged nuisance, combined with the limited scope of his testimony, renders Banks' testimony reliable under Rule 702.

---

* Nothing in this ruling alters Banks' responsibility to include section 14004's disclaimer on any written appraisal he might offer in this case.

## V.    Conclusion

Banks' testimony is an appraisal that is governed by the limitations of 32 M.R.S. § 14001 et seq. However, Banks is a licensed real estate appraiser and is therefore permitted to offer real estate appraisals under section 14004's real estate broker exception. This exception does not prohibit Banks from testifying simply because his appraisal concerns real estate owned by someone other than Banks' client. Furthermore, Banks' testimony is reliable because it is limited to conditions found on the Defendant's property and Plaintiffs' right of way, and does not touch or concern any other aspect of the Plaintiffs' property. Finally, Banks' testimony concerns a necessary element of the Plaintiffs' nuisance claims and Banks has more than thirty-five years of real estate experience. As such, Banks' testimony is relevant pursuant to Maine Rule of Evidence 401, and he is qualified by knowledge and experience to estimate whether an encroachment will impact property value. *See City of Augusta*, 2008 ME 51, 953 A.2d 582.

Therefore, Banks is qualified to testify as an expert on the limited issue of wither the alleged encroachment alone has an impact on the marketability of Plaintiffs' property.

Plaintiffs' Motion in Limine to exclude testimony of David Banks is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___9/28/2020___

_____
MaryGay Kennedy, Justice
Maine Superior Court

Page 7 of 7